Jane TURK, Plaintiff-Appellee,

v.

FRANKLIN SPECIAL SCHOOL DISTRICT, et al., Defendants-Appellants.

Supreme Court of Tennessee.

Oct. 4, 1982.
Rehearing Denied Oct. 25, 1982.

W. Henry Haile, Haile & Martin, P.A., Nashville, for defendants-appellants.

James D. Petersen, Petersen, Buerger & Yost, Franklin, for plaintiff-appellee.

## OPINION

FONES, Chief Justice.

This case involves the issue of whether the charge brought against Mrs. Turk, a tenured teacher, provided sufficient grounds to support her dismissal from the school system.

The school board dismissed Mrs. Turk and on her appeal to the Chancery Court of Williamson County, that action was reversed and she was reinstated as a tenured teacher.

On January 5, 1981, James D. Brown, School Superintendent, read in a newspaper a statistical-type report of the disposition of a DUI charge against Mrs. Turk. Brown launched his own investigation that disclosed that Mrs. Turk had been arrested for DUI on September 13, 1980, and a thirty day sentence had been suspended conditioned upon her attendance at a driving school, and that she had had a serious one car automobile accident on June 6, 1979, but was not charged with any violation of law as a result of that incident. Brown called Mrs. Turk in for a conference in February, 1981, and gave her a choice between relinquishing tenure and accepting probationary status and counselling for what Brown had concluded was an alcohol problem, or resigning her position as a tenured teacher. She declined to do either. On February 9, 1981, Brown filed the following charge with the school board:

> "I charge Jane Turk, a tenured teacher in the Franklin Special School District, with conduct unbecoming a member of the teaching profession, namely, driving while intoxicated on or about September 13, 1980, on a public highway in William-

son County in violation of the laws of the State of Tennessee."

Pursuant to Mrs. Turk's demand in accord with T.C.A. § 49–1416, a hearing on that charge was held by the school board on March 23, 1981.

Mrs. Turk had been a tenured teacher for about ten years and had recently gone through a separation and divorce from her husband, after approximately twenty years of marriage. She explained the events of Saturday, September 13, 1980, leading up to the DUI charge as follows: she had received a distress call from an old friend who also had a domestic problem, packed an overnight bag, and went to her friend's home. She had one strong vodka drink during a period of several hours while she visited her friend. Contrary to Mrs. Turk's understanding it developed that her friend's husband might return home that night, so Mrs. Turk departed to return to her home after 9:00 p.m. She had been on a crash diet, and on the way home she began to feel dizzy and pulled off the road. She miscalculated and her right wheels ended up in a ditch. She remained in her vehicle in the ditch until two officers came by and upon investigation they charged her with driving while intoxicated.

At the hearing before the board Mrs. Turk's attorney stated that Mrs. Turk would admit that she was driving under the influence of alcohol on September 13, 1980, as she had admitted to the Court when she was given a suspended sentence of thirty days with no fine. However, she took the position that that one incident that occurred on Saturday, not involving any third parties and having no nexus with her performance as a third grade teacher, did not constitute conduct unbecoming a member of the teaching profession in the legal sense, so as to justify dismissal.

The school board attorney took the position that since Mrs. Turk had pled guilty to the factual portion of the charge, it was then appropriate on the issue of punishment to go into the details of the automobile accident that Mrs. Turk had in June, 1979, her absentee record, and whether or not she

was an alcoholic or had a sufficient alcohol problem to require treatment or counselling. Despite continuous objections by Mrs. Turk's attorney that those charges were not properly before the board, the chairman ignored his objections and allowed the board attorney full reign. As a result, the details of the June, 1979, accident were fully explored and the board's attorney thereafter referred to Mrs. Turk's "two DUI's." Brown was allowed to testify about Mrs. Turk's absenteeism, which he described as the worst in the system, without noting that part of her absenteeism was attributable to the injuries she received in the 1979 accident and part as a result of her not knowing her status following Brown's lodging of the charge on June 7, 1981. Brown was also allowed to testify as follows:

"But as I told Mrs. Turk in our second conference that anytime you have two charges ... two accidents that are directly related to a DUI, particularly with a person that is as bright, as intelligent as Jane Turk, she has got a problem. And the only way that she can deal with that problem and the only way I can help her deal with that problem is that first she has to admit she has a problem. But she was not willing to do that."

The learned chancellor was of the opinion that the Board gave substantial consideration to the June, 1979, accident, but he concluded that even if the written charges had included that incident, there was no showing of a substantial adverse affect upon Mrs. Turk's capacity and fitness as a teacher which would have justified her discharge.

■ We are of the opinion that it was fundamental error for the board to consider the June, 1979, accident, or her absentee record, or the superintendent's charge that she had an alcohol problem that required her acknowledgement of same and treatment therefor, because those charges were not specified in writing prior to the hearing.

T.C.A. § 49–1414 provides that when charges are made to a board of education seeking dismissal of a teacher, "the charges shall be made in writing specifically stating the offenses which are charged." In *Potts v. Gibson,* 225 Tenn. 321, 469 S.W.2d 130 (1971) Special Justice McAmis writing for the Court interpreted that statutory requirement as follows:

"[t]he charges must be 'specifically stated with substantial certainty; yet the technical nicety required in indictments is not necessary'.

The procedure prescribed by the statute is designed to insure the teacher a full hearing before the Board upon every issue under consideration by that body. To accomplish this the first essential is a notice sufficient in substance and form to fairly apprise the teacher of the charge against him and enable him to prepare his defense in advance of the hearing.

'Where the contents of the notice are ambiguous and obscure, so that the teacher is not clearly informed of the nature of the charge, the notice is generally held insufficient.' *City of Knoxville Board of Education v. Markelonis* (1970), Tenn. App., 460 S.W.2d 362.

To comport with notions of fair play and due process and to constitute notice in the legal sense the means employed should equal or exceed that which one desirous of actually informing the opposite party would employ. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865, cited in *Burden v. Burden,* 44 Tenn.App. 312, 313 S.W.2d 566." *Id.* at 329, 469 S.W.2d at 133.

We find that the board acted in flagrant disregard of the statutory requirement and fundamental fairness in considering matters that should have been specifically charged in writing.

■ Stripped of those charges, the September 13, 1980, incident, accepting as we must the uncontradicted background explanation of Mrs. Turk, was insufficient to support the dismissal of a tenured teacher of Mrs. Turk's caliber, as found by the chancellor, in which we concur.

In that regard the chancellor found as follows:

"It is further uncontradicted that before the June, 1979, accident and thereafter through the September drunk driving event and to the day of her discharge petitioner discharged her duties as a teacher capably. Throughout this period she was considered to be a capable teacher by the superintendent and her fellow teachers. She was viewed by many of her students and their parents as an inspirational teacher. The notice of her conviction in the newspaper and the publicity attendant to the proceedings to discharge her have so far as the record shows, had no adverse effect upon her capacity to maintain discipline and respect in her classes."

The result in this case is not to be construed as a ruling that a single driving while intoxicated conviction will in all circumstances be deemed insufficient as a matter of law to support dismissal of a tenured teacher under the statute.

The judgment is affirmed and this cause is remanded to the Chancery Court of Williamson County for any further proceedings that may be appropriate. The costs are adjudged against the Franklin Special School District.

COOPER, BROCK, HARBISON and DROWOTA, JJ., concur.