300 S.E.2d 102

**STATE of West Virginia ex rel.
Roy WEAVER**

v.

**Hon. Pierre E. DOSTERT, Judge, etc.**

**No. 15744.**

Supreme Court of Appeals of
West Virginia.

Jan. 27, 1983.

Askin & Burke and Steven M. Askin, Martinsburg, for relator.

Pierre E. Dostert, pro se.

NEELY, Justice:

Our petitioner, Roy Weaver, is a bail bondsman authorized to do business in the West Virginia counties of Jefferson, Berkeley and Morgan. By order dated 17 September 1982 Judge Pierre Dostert, Judge of the Circuit Court of Jefferson County, West Virginia, *sua sponte* suspended bondsman Weaver's authority to write bonds in any of these counties. Judge Dostert amended this order by an order of 23 September 1982 retracting the suspension in Berkeley County. Petitioner Weaver comes before this Court seeking a writ of prohibition staying Judge Dostert's order until a hearing is provided him. Because the petitioner was provided neither notice nor opportunity to be heard, we award the writ.

Petitioner Weaver alleges that the suspension was ordered in retaliation for his having agreed over the objections of Judge Dostert to act as surety on a bond for a particular criminal defendant. Judge Dostert in turn alleges that petitioner exceeded the $100,000.00 limitation on his authorized surety liability. The issue before this Court is not the propriety of Mr. Weaver's practices as a bail bondsman, however, but rather the procedural requirements for suspending a bail bondsman's authority to write bonds. We decline to address the merits of the respective allegations.

■ We have not before been called upon to decide whether a grant of authority to act as a bail bondsman pursuant to *W.Va.Code*, 51–10–8 [1959] vests in the bondsman a property right giving rise to any procedural requirements that must be satisfied before the authority can be suspended or withdrawn. We note further that a bondsman's authority is granted by the local courts and does not amount, technically, to a state license. We consider this a distinction without a difference, however, and hold that a court's grant of authority to a person to act as a bail bondsman sufficiently resembles a license that it must be treated as a license for the purposes of

the procedural requirements attendant upon its termination.

We have held that a person has a property right to his or her driver's license that requires due process protection before suspension of the license can be effected, *Jordan v. Roberts*, 161 W.Va. 750, 246 S.E.2d 259 (1978), and that a licensed used car dealer is entitled to due process protection before his license is cancelled, *State ex rel. Ellis v. Kelly*, 145 W.Va. 70, 112 S.E.2d 641 (1960). The federal courts in West Virginia have held that a horse trainer's license may not be suspended or revoked without affording due process protection to the trainer, *Hubel v. W. Va. Racing Commission*, 376 F.Supp. 1 (S.D.W.Va.1974), *affirmed*, 513 F.2d 240 (4th Cir.1975), and that disbarment or suspension proceedings must be preceded by adequate notice and opportunity to prepare a defense, *Nell v. U.S.*, 450 F.2d 1090 (4th Cir.1971). We therefore follow the example of North Carolina and the District of Columbia where it has been held that due process rights attach when a person's authority to act as a bondsman is sought to be revoked. *State v. Parrish*, 254 N.C. 301, 118 S.E.2d 786 (1961), *In re Greene*, 130 A.2d 593 (Mun.Ct.App.D.C. 1957), *In re Carter*, 192 F.2d 15 (D.C.Cir. 1949), *cert. denied sub nom. Laws v. Carter*, 338 U.S. 900, 70 S.Ct. 250, 94 L.Ed. 554 (1949).

■ On the basis of our discussion of the procedural steps required by Article III, section 10 of the West Virginia Constitution and the 5th and 14th Amendments to the United States Constitution, in *North v. Board of Regents*, 160 W.Va. 248, 233 S.E.2d 411 (1977), we hold that written notice and a hearing must be provided a bail bondsman before his authority to act as a bondsman is revoked unless extraordinary circumstances exist to justify revocation before the hearing. In that event, a hearing must be provided expeditiously, so as to minimize the damage likely to be done the bail bondsman by his being temporarily deprived of his livelihood. In this case, the proper procedure would have been for the respondent to have issued a rule to show cause why petitioner's bonding authority

should not be revoked, and then to have afforded him a hearing.

Petitioner asserts that *W. Va. Code*, 51–10–8 [1959] is unconstitutional because it fails to specify constitutionally sufficient procedures for revoking the authority of bail bondsmen. We disagree. Where the legislature has remained silent on the matter of procedural requirements, we should infer that procedural requirements passing constitutional muster are implied. We so infer.

A writ prohibiting the respondent judge from suspending the petitioner's bonding authority unless and until a hearing is provided the petitioner is accordingly awarded.

Writ awarded.