IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
JULY SESSION, 1998

FILED

September 30, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | No. 01C01-9710-CR-00462 |
| Appellee | ) | |
| | ) | DAVIDSON COUNTY |
| vs. | ) | |
| | ) | Hon. Seth Norman, Judge |
| AAA AARON'S ACTION | ) | |
| AGENCY BAIL BONDS, INC. | ) | |
| | ) | (*En Banc* Order) |
| Appellant | ) | |

For the Appellant:

**Thomas L. Whiteside**
Fowlkes & Whiteside
172 Second Avenue North
Suite 214
Nashville, TN  37201-1908

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Timothy F. Behan**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**Victor S. (Torry) Johnson III**
District Attorney General

**Steve Dozier**
Asst. District Attomey General
Washington Square, STE 500
222-2nd Avenue N
Nashville, TN  37201-1649

OPINION FILED: _____

**REMANDED**

**David G. Hayes**
Judge

## OPINION

AAA Aaron's Action Agency Bail Bonds, Inc., (AAA), appeals from the *en banc* order of the Davidson County Criminal Court suspending AAA's authority to write bail bonds in Davidson County.[1]  AAA raises two issues for our review.

> I.  "Whether the trial court's summary suspension of appellant as a bondsman deprived appellant of a constitutionally protected property interest;" and

> II.  "Whether the failure to provide appellant with notice and an opportunity to be heard when the trial court summarily suspended appellant was an abuse of discretion."

Although we find the trial court's *en banc* order sufficient to temporarily suspend AAA's authority to write bail bonds, we conclude that the notice provided therein is constitutionally inadequate to satisfy due process concerns. Moreover, because AAA prematurely filed its notice of appeal to this court, the trial court was prevented from providing AAA with a hearing on the matter.  In the interest of justice and fairness, the order of the trial court is upheld only to the extent of suspending AAA's authority to write bail bonds.  However, in all other respects, this cause is remanded to the Criminal Court of Davidson County to permit that court to amend its order to provide sufficient notice to AAA of the specific grounds supporting the court's action.  If such notice is sufficient and AAA responds within twenty days, the trial court shall conduct a hearing within a reasonable time of AAA's response.

## Analysis

It is without dispute that the trial courts of this state have the full authority to determine who should be allowed to make bonds in its court and to regulate professional bondsmen.  Gilbreath v. Ferguson, 195 Tenn. 528, 260 S.W.2d 276

---

[1]This court has jurisdiction over this proceeding pursuant to Tenn. Code Ann. § 40-11-125(d) (1997).

(1953); Hull v. State, 543 S.W.2d 611, 612 (Tenn. Crim. App. 1976). Specifically, Tenn. Code Ann. § 40-11-125(a) provides the trial courts with the authority, after investigation, to suspend a professional bondsman or other surety from making bonds if such bondsman or other surety violates any of the laws relating to bail bonds, or if he is guilty of professional misconduct as defined in Tenn. Code Ann. § 40-11-126 (1997). See also State v. Hodgson, C.C.A. No. 87-142-III (Tenn. Crim. App. at Nashville, Feb. 24, 1988), perm. to appeal denied, (Tenn. May 31, 1988).

If a trial court suspends a bondsman from making bonds, the bondsman has a right to receive notice of the action taken and a copy of the charges that brought about the suspension. Tenn. Code Ann. § 40-11-125(b). If the bondsman files a written answer within twenty days of the notice denying such charges, the trial court shall call a hearing within a reasonable time for the purpose of taking testimony and evidence on any issues of facts made by the charges and answer. Tenn. Code Ann. § 40-11-125(b).

In the present case, on May 2, 1997, an *en banc* panel of the Davidson County Criminal Court entered an order which provided that "[a]s the result of the actions of the AAA AARON'S ACTION AGENCY BAIL BONDS, INC. . . . on Wednesday, April 23, 1997, the company is hereby denied the right to further write bail bonds in the Criminal Courts of Davidson County." In accordance with Tenn. Code Ann. § 40-11-125(b), AAA filed a written answer denying any alleged wrongdoing in response to the court's order, on May 14, 1997, twelve days after receiving notice. Sixteen days later, on May 30, 1997, AAA filed a notice of appeal to this court complaining that no hearing had been held.[2]

---

[2]In support of its position, the State asserts that the court's subsequent orders of August 18 and September 26 did in fact provide adequate notice of the trial court's reasons for suspending AAA's privileges to write bail bonds in Davidson County and were but a continuation of the May 2 order.

The issue before this court is not the propriety of AAA's practices as a bail bondsman or the merit of the trial court's order; rather, the concerns before this court are the procedural requirements for suspending a bail bondsman's authority to write bail bonds.

## A. Due Process

The Due Process Clause of the Fourteenth Amendment and Article I, Section 8 of the Tennessee Constitution embody similar procedural protections and guarantees. Doe v. Norris, 751 S.W.2d 834, 838 (Tenn. 1988); State ex rel. Anglin v. Mitchell, 596 S.W.2d 779, 786 (Tenn. 1980); Daugherty v. State, 216 Tenn. 666, 674, 393 S.W.2d 739, 743 (1965), cert. denied, 384 U.S. 435, 86 S.Ct. 1601 (1966). They prevent the government from infringing upon significant property or liberty interests without first providing notice and an opportunity to be heard at a meaningful time and in a meaning manner. Cleveland Bd. of Educ. v Loudermill, 470 U.S. 532, 542, 105 S.Ct. 1487, 1493 (1985); Cooper v. Williamson County Bd. of Educ., 803 S.W.2d 200, 202 (Tenn. 1990), cert. denied, 500 U.S. 916, 111 S.Ct. 2013 (1991). However, before such procedural safeguards are required, several factors must be established.

### 1. Protected Interest

First, a constitutionally protected liberty or property interest must be possessed by the party allegedly aggrieved. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 569-78, 92 S.Ct. 2701, 2705-06, 2709 (1972). The right to engage in a chosen business, occupation, or profession without unreasonable governmental interference or deprivation thereof is both a liberty and property interest, protected by the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I Section 8 of the Tennessee Constitution. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. at 543, 105 S.Ct. at 1494; see also Livesay v. Tennessee Board of Examiners in

4

Watchmaking, 204 Tenn. 500, 322 S.W.2d 209 (1959). Harbison v., Knoxville Iron Company, 103 Tenn. 421, 53 S.W. 955 (1899), aff'd by, 183 U.S. 13, 22 S.Ct. 1 (1901). Although the bail bond business is closely related to the criminal justice system requiring strict regulation by the government, it is still a business and once the court grants the right to engage in such business, the right to pursue that business becomes a right. Thus, we conclude that the deprivation of one's right to engage in the bail bond business is a judicial act that must meet the requirements of due process of law. *Validity, Construction, and Application of Statutes Regulating Bail Bond Business*, 13 A.L.R.3D 618, 638 (1967 & 1997 Supp.); see, e.g., In re Greene, 130 A.2d 593 (Mun.Ct.App. D.C. 1957); State v. Parrish, 254 N.C. 301, 118 S.E.2d 786 (1961); Smith v. Decker, 312 S.W.2d 632 (Tex. 1958); State ex rel. Weaver v. Dostert, 300 S.E.2d 102 (W.Va. 1983). But cf., Taylor v. Waddey, 206 Tenn. 497, 334 S.W.2d 733, 735 (1960) (quoting In re Carter, 192 F.2d 15, 18 (D.C. Cir.), cert. denied, 342 U.S. 862, 72 S.Ct. 89 (1951) (Prettyman, J., dissenting)).

Additionally, there must be a deprivation of that interest by the government. See Rowe v. Board of Educ. of City of Chattanooga, 938 S.W.2d 351, 354 (Tenn. 1996), cert. denied, -- U.S. --, 117 S.Ct. 1271 (1997) (citation omitted). The Criminal Court of Davidson County suspended AAA's right to write bail bonds, thus, depriving AAA of its right to engage in business and earn a livelihood.

Once it is determined that due process applies, the interests of AAA and the government must be weighed to determine what process is due and whether deprivation has occurred. Federal Deposit Ins. Corp. v. Mallen, 486 U.S. 230, 240, 108 S.Ct. 1780, 1787 (1988); Board of Regents of State Colleges v. Roth, 408 U.S. at 569-570, 92 S.Ct. at 2705. In determining what process is due, we are mindful that the constitutional guaranties are flexible standards based upon the concept of fairness and reasonableness. 16C C.J.S. *Constitutional Law* § 967 (1985).

## 2. Notice

Due process requires "notice reasonably calculated under all the circumstances, to apprise interested parties" of the claims of the opposing parties. McClellan v. Board of Regents of State University, 921 S.W.2d 684, 688 (Tenn. 1996) (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657 (1950)).  The purpose of due process requirements is to notify the individual in advance in order to allow adequate preparation and reduce surprise. Id. (citing Memphis Light, Gas and Water Division v. Craft, 436 U.S. 1, 14, 98 S.Ct. 1554, 1562-63 (1978)).  In other words, the contents of the notice cannot be ambiguous or obscure; they must clearly inform the person of the nature of the charge against him. See Turk v. Franklin Special School Dist., 640 S.W.2d 218, 220 (Tenn. 1982).  To comport with these notions of fair play, the means employed should equal or exceed that which one desirous of actually informing the opposite party would employ. Id. (citations omitted).  Under these standards, the trial court's May 2 order suspending AAA from writing bail bonds "as the result of the actions of [AAA] on Wednesday, April 23, 1997" cannot be held sufficient to adequately apprise AAA of the charges to be met.  Thus, notice was constitutionally inadequate.

## 3. Opportunity to be Heard

In addition to guaranteeing a person with notice, due process provides an opportunity to be heard.  The opportunity to present reasons, either in person or in writing, why a proposed action should not be taken is a fundamental due process requirement. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. at 546, 105 S.Ct. at 1495 (citation omitted).  However, procedural due process does not necessarily require a prior hearing in every instance. Federal Deposit Ins. Corp. v. Mallen, 486 U.S. at 240, 108 S.Ct. at 1788; State ex rel. Hayes v. Civil Service Com'n of Metropolitan Government of Nashville and Davidson County, No. 01-A-01-9002-CH00061 (Tenn. App. at Nashville, Oct. 31, 1990), perm. to appeal denied, (Tenn. May 26, 1992).

The Due Process Clause requires the provision of a hearing "at a meaningful time." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. at 547, 105 S.Ct. at 1496. A post-decision hearing will suffice as long as it is held within a reasonable time in light of the issues and interests at stake. Id. (citations omitted). Although a post-decision hearing is often sufficient, the promptness in which one is held is of constitutional concern. Civil Service Com'n of Metropolitan Government of Nashville and Davidson County, No. 01-A-01-9002-CH00061 (citing Brock v. Roadway Express, Inc., 481 U.S. 252, 267, 107 S.Ct. 1740, 1750 (1987); Cleveland Bd. of Educ. v. Loudermill, 470 U.S. at 547, 105 S.Ct. at 1496; Barry v. Barchi, 433 U.S. at 66, 99 S.Ct. at 2650). Even though there is a point at which an unjustified delay in completing a post-deprivation proceeding would become a constitutional violation, the significance of such a delay cannot be evaluated in a vacuum. Federal Deposit Ins. Corp. v. Mallen, 486 U.S. at 242, 108 S.Ct. at 1788. No precise rules exist to determine whether a delay in holding a hearing rises to the level of a constitutional problem. Rather, the importance of the private interest and the harm to this interest occasioned by the delay; the government's interest and its reason for the delay; and the likelihood that the pre-hearing decision is erroneous are examined and weighed against each other. Federal Deposit Ins. Corp. v. Mallen, 486 U.S. at 242, 108 S.Ct. at 1788.

In the present case, our determination of whether the trial court's delay in providing AAA with a hearing is unreasonable is skewed by AAA's action of filing a notice of appeal to this court sixteen days after its answer to the Criminal Court was filed. By AAA's filing of a notice of appeal, the trial court was divested of jurisdiction over the matter and was, therefore, without the authority to hold a post-decision hearing. See State v.Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996); State v. Applegate, No. 01C01-9608-CR-00370 (Tenn. Crim. App. at Nashville, Mar. 17, 1998), reh'g denied, (Apr. 16, 1998). Thus, the trial court's August 18,1997 order, as it relates to the present matter, *supra* note 2, is void as it was beyond the

7

jurisdiction of the court. <u>Pendergrass</u>, 937 S.W.2d at 837. From another perspective, AAA's appeal was filed prematurely as it had not exhausted all first tier review procedures. In effect, AAA's action of filing a notice of appeal sixteen days after it filed its response to the court's May 2 order can only challenge the reasonableness of the sixteen day delay between the filing of a response and the notice of appeal.

Because no evidence has been presented from which this court can weigh the interests involved, we cannot conduct a thorough balancing of the competing interests. However, we remain cognizant of the fact that, "inherent in any bureaucracy, . . . is a certain amount of inefficiency and delay, and the mere allegation of delay without an explanation of why the delay is unreasonable does not support a claim for due process." <u>Slugocki v. United States by and through Dept. of Labor</u>, 988 F. Supp. 1443, 1447 (S.D. Fla. 1997). Accordingly, even though AAA was denied its source of livelihood, we cannot conclude that sixteen days constituted an unreasonable delay.

**Conclusion**

The *en banc* order of May 2, suspending AAA's authority to write bail bonds in the Criminal Courts of Davidson County, remains in effect. This case is remanded to the Criminal Court with instructions to amend, with particularity, the grounds upon which it relies in suspending AAA's authority to write bonds. As statutorily provided, if AAA files a written answer within twenty days of the notice denying such charges, the trial court shall call a hearing within a reasonable time for the purpose of taking testimony and evidence on any issues of facts made by the charges and answer. Tenn. Code Ann. § 40-11-125(b).

_____
DAVID G. HAYES, Judge


CONCUR:


_____
PAUL G. SUMMERS, Judge


_____
JERRY L. SMITH, Judge