IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

# STATE OF TENNESSEE v. AAA AARON'S ACTION AGENCY BAIL BONDS, INC.

**Direct Appeal from the Criminal Courts for Davidson County**
No. 2478    *En Banc*: J. Randall Wyatt, Jr., Judge; Seth Norman, Judge; Cheryl
Blackburn, Judge; Steve R. Dozier, Judge

---

**No. M1999-01915-CCA-R3-CD - Decided June 9, 2000**

---

The appellant bail bond company appeals the *en banc* order of the Criminal Courts of Davidson County which refused to reinstate its authority to write bail bonds. We conclude the appellant was not given proper notice of grounds relied upon for the refusal to reinstate its authority to write bonds, and the Criminal Courts of Davidson County erroneously refused to reinstate appellant's authority to write bail bonds based upon its alleged failure to notify a defendant of an arraignment date. Accordingly, the judgment refusing to reinstate appellant's ability to write bail bonds is reversed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Courts Reversed.**

RILEY, J. delivered the opinion of the court, in which WADE, P. J. and OGLE, J. joined.

Thomas L. Whiteside, Nashville, Tennessee, for the appellant, AAA Aaron's Action Agency Bail Bonds, Inc.

Paul G. Summers, Attorney General and Reporter; Marvin E. Clements, Jr., Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Pamela S. Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

At issue in this appeal is whether the Criminal Courts of Davidson County properly refused to reinstate the appellant's authority to write bail bonds. We conclude the Criminal Courts did not provide adequate notice of the grounds for its refusal to reinstate appellant's authority. We further conclude the Criminal Courts of Davidson County erroneously refused to reinstate appellant's authority based upon the appellant's alleged failure to notify a defendant of an arraignment date. We reverse the judgment of the Criminal Courts of Davidson County.

## PROCEDURAL HISTORY

The procedural history of this appeal is unique. On May 2, 1997, an *en banc* panel of the Davidson County Criminal Courts entered a one-sentence order stating the following:

> As the result of the actions of the AAA Aaron's Action Agency Bail Bonds, Inc. and their agent or representative, in Division III of the Criminal Court, on Wednesday, April 23, 1997, the company is hereby denied the right to further write bonds in the Criminal Courts of Davidson County, Tennessee.

The bonding company filed a written answer on May 14, 1997, denying any wrongdoing. Before any other action was taken, the bonding company filed a notice of appeal in this court on May 30, 1997.

On appeal this court concluded that the May 2nd order was a "constitutionally inadequate" notice of any wrongdoing. State v. AAA Bail Bonds, 993 S.W.2d 81, 86 (Tenn. Crim. App. 1998). However, this court further noted that the bonding company's premature notice of appeal divested the trial court of jurisdiction; therefore, the trial courts were without authority to hold a further hearing pending appeal. *Id.* at 87. The matter was remanded to the Criminal Courts of Davidson County

> with instructions to amend, <u>with particularity</u>, the grounds upon which it relies in suspending AAA's authority to write bonds. As statutorily provided, if AAA files a written answer within twenty days of the notice denying such charges, the trial court shall call a hearing within a reasonable time for the purpose of taking testimony and evidence on any issues of fact made by the charges and answer. (Emphasis added).

*Id.*

On February 9, 1999, the Criminal Courts of Davidson County entered an order notifying the bonding company to appear on March 24, 1999, to show cause why its privilege to write bonds should not be suspended. The order provided that the show cause was

> based upon the actions of the Triple AAA Bonding Company in Division III of the Criminal Court for Davidson County, Tennessee, on April 23, 1997, in the matter of State of Tennessee v. Kimberly Hayes, Docket #97-A-549;
>
> And the subsequent failure of the Triple AAA Bonding Company to file with these Courts the information set out in an Opinion from these Courts dated August 5, 1997.

The August 1997 opinion referred to in the notice was issued by one of the Criminal Court judges pending the original appeal. That opinion provided that if the bonding company is seeking

reinstatement, it must file with the Criminal Courts a detailed plan for its operation, specifically setting out its notification procedures and the name of its agent who will answer to the court concerning forfeitures. In the original appeal this court declared that opinion/order "void" since it was entered pending the appeal. AAA Bail Bonds, 993 S.W.2d at 87. Although the bonding company did reply in detail to this opinion/order, the alleged failure of the bonding company to comply with this "void" opinion/order could not serve as the basis for a refusal to reinstate. We note, however, that at the reinstatement hearing the failure to comply with this opinion/order was not mentioned as the basis for the refusal to reinstate.

At the an *en banc* hearing on March 24, 1999, counsel for the bonding company contended the show cause order still did not provide notice of any wrongdoing by the bonding company. Counsel conceded he had received a copy of the transcript of the April 1997 hearing.

The transcript of the April 1997 hearing revealed that defendant Kimberly Hayes did not appear for her earlier arraignment after having been indicted by the grand jury. Defendant appeared at the April 1997 hearing, and her counsel advised the court that she had not been notified of the earlier date. A representative of the bonding company was present at that hearing and was questioned by the trial judge. The representative indicated the bonding company had received late notice of the arraignment date, but that his "boss" had left a message on the defendant's answering machine. The representative further stated that a computer notice had been sent to the defendant; however, the representative noted that the address was incomplete. When the representative indicated he thought it was actually the attorney's responsibility to notify the defendant of the court date, the trial judge indicated to the representative that it was the bonding company's responsibility. The forfeiture was then set aside, and the defendant was advised by the trial court to keep in contact with the bondsman and attorney regarding future court dates. There was no indication by the trial judge that the bonding company might be suspended for any wrongdoing.

At the March 1999 show cause hearing, the discussion between the judges and the bonding company's counsel centered around the bonding company's obligation to notify defendants of court dates. One of the trial judges noted that "there is no other way to have a defendant notified [of an arraignment date] except through the bondsman." Counsel contended the April 1997 transcript indicated that the bonding company had in fact notified the defendant and that, regardless, failure of a bonding company to notify a defendant of an arraignment date would not be proper grounds for suspension of its authority to write bonds. No testimony or evidence was offered at the hearing.

After a recess, the *en banc* panel orally announced its ruling. The brief ruling was that the hearing was set for the purpose of taking testimony or evidence; no testimony or evidence was offered; and the prior order of suspension remained in effect.[1] The minute entry simply indicated that the motion to reinstate was denied. There were no factual findings.

---

[1]One of the judges also noted the bonding company did not presently have an agent in the state. Counsel had earlier told the court the bonding company would have properly qualified agents if its authority to write bonds was reinstated.

## PROPER NOTIFICATION

In the prior appeal this court held that notifying the bonding company that it was suspended "as a result of the actions of [the bonding company] and their agent or representative, in Division III of the Criminal Courts on Wednesday, April 23, 1997," was constitutionally insufficient notice of any wrongdoing by the bonding company. AAA Bail Bonds, 993 S.W.2d at 86. The matter was remanded "with instructions to amend, with particularity, the grounds upon which it relies in suspending AAA's authority to write bonds." *Id*. at 87 (emphasis added). The only difference in the new notice is that it makes reference to the specific case on April 23, 1997, and includes a copy of the transcript. The new notice does not comply with the requirement to allege grounds "with particularity." No grounds are alleged, and the transcript of the April 1997 hearing is far from conclusive as to any wrongdoing. The representative testified at that hearing that the bonding company had made efforts to contact the defendant. Counsel for the defendant stated that defendant had not been notified. The trial judge told the bonding company representative it was their responsibility to notify defendants to be in court. Thus, we conclude there was not proper notice of alleged wrongdoing.

## GROUNDS FOR CONTINUED SUSPENSION

The oral ruling of the *en banc* panel was simply that the order of suspension would remain in effect because the bonding company did not present any testimony or evidence. In light of the lack of proper notice and the transcript of the April 1997 hearing, the failure of the bonding company to present further evidence was unnecessary.

In the context of this case, the record is inconclusive as to whether the bonding company notified the defendant of her arraignment date. Regardless, according to the notice, the sole legal basis for the suspension of and the refusal to reinstate the bonding company was its failure to notify this one defendant of her arraignment date. Although there was an expressed concern by the judges over other matters relating to the bonding company, the inadequate notice only related to the one April 1997 instance. Our examination of that April 1997 transcript does not reveal actions by the bonding company that would justify its suspension.

## PRETERMITTED ISSUE - DUTY TO NOTIFY

Although not in the show cause order, in the oral ruling of the *en banc* panel, in the minute entry denying reinstatement, or in any findings, it appears the true issue in controversy is whether the bonding company has a legal obligation to the Criminal Courts to notify a defendant of the arraignment date after a defendant is indicted, and whether a failure to do so is a proper ground for suspension.

The bonding company insists the Criminal Courts of Davidson County do not have the authority to suspend a bonding company based upon the failure of the bonding company to notify a defendant of a court date. Specifically, the bonding company contends it does not have the ultimate responsibility of notifying a defendant of an arraignment date following a grand jury

indictment. Although it is economically beneficial for a bondsman to apprize defendants of court dates, the bonding company contends there is no provision under the bail statutes which would authorize a sanction based upon the failure of a bondsman to notify a defendant of an arraignment or any other court date. *See* Tenn. Code Ann. § 40-11-101 et seq. Although the state has been unable to cite any statutory provision authorizing a suspension for such a failure, it still insists the trial courts have such authority.

However, we do not reach this issue. The bail contract in the underlying case giving rise to appellant's suspension is not in the record. It would further appear that arraignment notification procedures vary throughout the state, especially since some grand juries meet almost continuously in some metropolitan areas and seldom in some rural areas. The record does not conclusively establish whether a defendant is personally given a court date at the time the defendant is bound over to the action of the grand jury in Davidson County, although the judges appeared to indicate at the hearing that no future date is known or given to a defendant at that time. The record is also inconclusive as to whether the clerk's office notifies the bonding company and/or the defendant of the arraignment date, and how the bonding company ascertains that an indictment has been returned and an arraignment date set for the defendant.

In summary, we need not address in this appeal the issue of whether a bonding company can be sanctioned for failing to notify a defendant of a court date. We choose to leave that issue for another day, particularly in light of the sparse record before this court.

## **CONCLUSION**

Since the appellant bonding company received inadequate notice of any wrongdoing and the April 1997 transcript does not justify a finding of wrongdoing, the judgment of the Criminal Courts of Davidson County is reversed. The statements at the hearing indicated there is currently no agent for the bonding company; therefore, any proposed agent of the bonding company will have to be approved by the proper court.