IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 5, 2003 Session

## TOYOTA MOTOR CREDIT CORPORATION v. STATE OF TENNESSEE DEPARTMENT OF SAFETY

**Direct Appeal from the Chancery Court for Davidson County**
**No. 02-2062-II     Walter C. Kurtz, Judge by Interchange**

---

**No. M2003-00147-COA-R3-CV - Filed November 7, 2003**

---

This case involves the seizure and forfeiture of a leased vehicle.  The Department of Safety ("the Department") sent a notice of the forfeiture proceedings to the corporate owner/lessor at the address listed on the vehicle's certificate of title.  Because the owner had moved two years previously and the Postal Service had ceased forwarding its mail, the unopened certified letter was returned to the Department marked "Not Deliverable as Addressed Unable to Forward."  The Department took no further steps to locate the owner and summarily ordered the forfeiture of the vehicle.  Upon learning of the forfeiture, the owner filed a petition for a stay and reconsideration, which the Department denied.  The owner then filed a petition for review in the Chancery Court of Davidson County in which it challenged the adequacy of the notice procedure.  The trial court ruled the notice procedure did not meet constitutional due process requirements under the circumstances, in which the corporate owner had a registered agent for service of process whose name and address were easily obtainable through the Secretary of State's Office.  The Department appeals, arguing that due process does not require that it seek out a corporate owner that has failed to notify the Department of its change of address, as required by Tennessee Code Annotated section 55-4-131.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. GLENN, SP.J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and WILLIAM B. CAIN, J., joined.

Paul G. Summers, Attorney General, and Richard H. Dunavant, Assistant Attorney General, Nashville, Tennessee, for the appellant, State of Tennessee Department of Safety.

Randall J. Spivey, Nashville, Tennessee, for the appellee, Toyota Motor Credit Corporation.

**OPINION**

**FACTS AND PROCEDURAL HISTORY**

On February 14, 2002, Ricky D. Stallings was driving a 1999 Toyota Tacoma pickup truck he had leased from the appellee, Toyota Motor Credit Corporation ("TMCC"), when he was stopped by a Knoxville police officer and arrested for driving under the influence, third offense, and driving on a revoked license. The vehicle was seized pursuant to the statutes that provide for the forfeiture of a vehicle used in the commission of a person's second or subsequent DUI or in the commission of the offense of driving on a revoked license when a person's license has been revoked for DUI. See Tenn. Code Ann. §§ 40-33-201 *et seq.*, 55-10-401, -403, -50-504. On February 21, 2002, the Department of Safety sent certified letters containing information about the forfeiture warrant and the procedure for filing a claim for the vehicle to Stallings at his home address and to TMCC at the address listed on the vehicle's certificate of title and registration. The record establishes that Stallings signed for his certified letter, but that the certified letter sent to TMCC was returned unopened and marked "Not Deliverable as Addressed Unable to Forward."

Having failed to receive a petition from any party asserting a claim to the vehicle, the Department issued a summary order of forfeiture on May 10, 2002. Thereafter, TMCC filed a "Petition for Stay and Petition for Reconsideration" in the Appeals Division of the Department, asserting, *inter alia*, that it had relocated its office from Brentwood to Franklin two years previously; that it had filed a request with the United States Postal Service to have its mail forwarded to its new address for the maximum amount of time allowed by law, which was approximately one year; that it was licensed to do business in the State of Tennessee and maintained a registered agent for service of process whose name and address were on file with the Secretary of State's Office; and that it had received no notice of the forfeiture of the vehicle. The Appeals Division denied TMCC's petition, ruling that the Department's notice complied with the forfeiture rules and was sufficient to satisfy due process requirements.

Pursuant to the provisions of the Uniform Administrative Procedures Act, Tennessee Code Annotated sections 4-5-101 *et seq.*, TMCC filed a petition for review of the Department's ruling in the Chancery Court of Davidson County. In a detailed and lengthy memorandum and order, the trial court concluded that because the Department knew TMCC was the owner of the vehicle and could have easily obtained its correct address from the Secretary of State's Office, the notice it provided violated Article 1, Section 8 of the Tennessee Constitution. Accordingly, the trial court remanded the case to the Commissioner of Safety with instructions that the Department grant TMCC a hearing on its claim that it should be given possession of the vehicle. The trial court's order states in pertinent part:

> The Court must consider the [Brown v. Tennessee Dep't of
> Safety, No. 01-A-01-9102-CH00043, 1992 WL 63444 (Tenn. Ct.
> App. Apr. 1, 1992)] factors stated above. The Department had
> knowledge of who owned the property. It would have been fairly

simple for the Department to determine the correct address of TMCC and it could have done this with very little practical difficulty. Certainly the concept of notice must be mixed with a little common sense. When the letter came back that said TMCC was not at this address it would have been relatively easy for an employee of the Department to find the correct address. Furthermore, TMCC is the kind of entity which anyone with the least bit of sense would know could be located with little effort. Obviously someone in the Department was unwilling to make that effort.

The Court is of the opinion that under the facts and circumstances of this case due process required that the Department notify the petitioner at its correct and easily ascertained address. . . .

This Court finds that the petitioner has demonstrated that the Commissioner's denial of his request for a hearing was unlawful and unconstitutional. The notice provided here, under the facts and circumstances of this case, violated Art. 1, § 8 of the Tennessee Constitution.

From this order, the Department now appeals, arguing that the trial court erred in ruling that due process required more than a certified letter sent to the last address it had on file for TMCC.

## ANALYSIS

The Department argues its procedure of sending a certified letter to the last known address for the vehicle's owner constituted a method of providing notice that was reasonably calculated to result in actual notice and, thus, satisfied the due process clauses of both the United States and Tennessee Constitutions. The Department notes due process does not require that notice actually reach a potential claimant and points out that TMCC failed to comply with Tennessee Code Annotated section 55-4-131(a), which requires that every owner of a vehicle licensed in Tennessee notify the Department within ten days of any change in address. The Department contends the trial court's ruling favors corporations by establishing a higher standard for notice to corporate owners, whose addresses can be found with "relative ease," and a lesser standard for private individuals. TMCC concedes it failed to comply with the requirements of Tennessee Code Annotated section 55-4-131(a), but argues the trial court properly found that the notice here did not satisfy due process requirements given the particular facts and circumstances of this case.

## Standard of Review

The Uniform Administrative Procedures Act provides for judicial review of an administrative agency's decision pursuant to the following standard:

The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(1)     In violation of constitutional or statutory provisions;

(2)     In excess of the statutory authority of the agency;

(3)     Made upon unlawful procedure;

(4)     Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(5)     Unsupported by evidence which is both substantial and material in the light of the entire record.

In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

Tenn. Code Ann. § 4-5-322(h) (Supp. 2003). The standard of review in this court is the same as it is in the chancery court. See Terminix Int'l Co. v. Tennessee Dep't of Labor, 77 S.W.3d 185, 191 (Tenn. Ct. App. 2001), perm. to appeal denied (Tenn. 2002).

### Adequacy of Notice

Both Article I, Section 8 of the Tennessee Constitution and the Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibit the State from taking property without due process of law. State v. AAA Aaron's Action Agency Bail Bonds, Inc., 993 S.W.2d 81, 85 (Tenn. Crim. App. 1998) (citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542, 105 S. Ct. 1487, 1493, 84 L. Ed. 2d 494 (1985)). At a minimum, due process requires that parties having an interest in property be given adequate notice and a meaningful opportunity to be heard. Redd v. Tennessee Dep't of Safety, 895 S.W.2d 332, 334 (Tenn. 1995); Cooper v. Williamson County Bd. of Educ., 803 S.W.2d 200, 202 (Tenn. 1990), cert. denied, 500 U.S. 916, 111 S. Ct. 2013, 114 L. Ed. 2d 100 (1991). To satisfy due process, the notice given must be one that is "'reasonably calculated under all the circumstances,'" to apprise interested parties of the forfeiture proceedings. McClellan v. Bd. of Regents of State University, 921 S.W.2d 684, 688 (Tenn. 1996) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865 (1950)). Thus, "the means employed should equal or exceed that which one desirous of actually informing the opposite party would employ." AAA Aaron's Action Agency, 993 S.W.2d at 86 (citing Turk v. Franklin Special School Dist., 640 S.W.2d 218, 220 (Tenn. 1982)).

When the State either knows or could easily ascertain the identity of a party with an interest in the proceedings, it must satisfy a more stringent notice standard, which at a minimum requires notification by mail. See Mullane, 339 U.S. at 317-18, 70 S. Ct. at 658-59; Schroeder v. City of New York, 371 U.S. 208, 212-13, 83 S. Ct. 279, 282, 9 L. Ed. 2d 255 (1962); Baggett v. Baggett, 541 S.W.2d 407, 410 (Tenn. 1976); Love v. First Nat'l Bank of Clarksville, 646 S.W.2d 163, 165 (Tenn. Ct. App. 1982). The Department correctly notes that due process may be satisfied even if the potential claimant does not actually receive the notice. "An otherwise valid notice that has been mailed is effective even if the addressee has not actually received or read the notice. . . . Thus, notice by certified mail is sufficient even if the addressee fails or refuses to accept the notice." Helms v. Greene, No. 01A01-9505-CH-00194, 1997 WL 36846, at *3 (Tenn. Ct. App. Jan. 31, 1997) (citations omitted), aff'd on other grounds by Helms v. Tennessee Dep't of Safety, 987 S.W.2d 545 (Tenn. 1999). However, sending notice by mail to a party's last known address is not ordinarily sufficient when the State is aware that the address is no longer valid and could easily obtain the current address. Id. As the Helms court stated:

> The reasonableness of the government's notification efforts depends on (1) its knowledge of the ownership of the property, (2) the means available to the government to ascertain the identity of persons who might claim an interest in the property, and (3) the practical difficulty of giving notice in a way that will actually inform the affected persons of the pending proceeding.

Id. at *2 (citing Brown v. Tennessee Dep't of Safety, No. 01-A-01-9102-CH00043, 1992 WL 63444, at *4 (Tenn. Ct. App. Apr. 1, 1992)).

We agree with the trial court that the Department's notice was insufficient to satisfy due process under the facts and circumstances of this case. As the trial court observed, the Department knew the address on the vehicle's certificate of title and registration was invalid when the certified letter was returned marked by the Postal Service as "Not Deliverable as Addressed Unable to Forward." Since the Department was also aware that the vehicle's owner was a corporation that leased vehicles to individuals, it had a readily available means of seeking the correct address through the Secretary of State's Office, which would have required only minimal effort and little or no expense.

The Department relies on Beazley v. Armour, 420 F. Supp. 503 (M.D. Tenn. 1976), as support for its argument that mailing a certified letter to a party's last known address is sufficient to satisfy due process when the party has failed to comply with a law requiring it to update its address. In Beazley, the Tennessee Department of Safety revoked the driver's license of a Tennessee resident after mailing notice of the impending revocation to his last known address. Id. at 509-10. As in the instant case, the notice was returned to the Department undelivered because the driver had moved and failed to comply with the statute requiring him to notify the Department within ten days of any change of address. Id. at 510. The federal district court concluded the notice provided was sufficient to satisfy due process, notwithstanding the return of the unopened letter to the Department, because

it was the driver's own neglect in failing to inform the Department of his current address which prevented him from receiving actual notice in the case. Id.

This court, however, has reached a different result in tax forfeiture cases where the parties failed to comply with a law requiring them to maintain their current addresses on file with the property assessor's office. In Sunburst Bank v. Patterson, 971 S.W.2d 1 (Tenn. Ct. App. 1997), the western section of this court concluded that constructive notice of a tax sale was insufficient to satisfy due process in spite of the failure of the property owners and mortgagee bank to comply with a statute in effect at the time of the sale, Tennessee Code Annotated section 67-5-2502, which provided that any party with an interest in real property who was not in possession of the property waived its right to notice unless it filed an annual statement containing its name and address with the property assessor's office. Id. at 3-5. The property owners in Sunburst had leased their house to a third party. Id. at 2. Both the warranty deed and the trust deed, on file with the Shelby County Register of Deeds, directed the Shelby County Assessor of Property and the Shelby County Trustee to mail tax notices to the bank that held the mortgage, whose address was on the deeds. Id. at 5. Instead, the Shelby County Trustee sent the delinquent tax notices to the property address, followed by publication of the pending tax sale in a county newspaper. Id. at 2. The trial court found that the notice given was insufficient to satisfy due process and overturned the tax sale. In affirming the trial court, the Sunburst court applied Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 103 S. Ct. 2706, 77 L. Ed. 2d 180 (1983), quoting from it as follows:

> "Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of *any* party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable. Furthermore, a mortgagee's knowledge of delinquency in the payment of taxes is not equivalent to notice that a tax sale is pending."

Id. at 5 (quoting Mennonite, 462 U.S. at 799-800, 103 S. Ct. at 2712). The Sunburst court further noted that, according to the Mennonite Court, "'a party's ability to take steps to safeguard its interests does not relieve the State of its constitutional obligation.'" Id. (quoting Mennonite, 462 U.S. at 799, 103 S. Ct. at 2712). Thus, the Sunburst court concluded that because the current addresses of the parties having an interest in the property were reasonably ascertainable, the constructive notice provided did not satisfy due process. Id.; see also Warmath v. Payne, 3 S.W.3d 487, 492 (Tenn. Ct. App. 1999) (concluding that constructive notice of tax sale was insufficient to satisfy due process where property owners' names and addresses were "reasonably ascertainable"); Freeman v. City of Kingsport, 926 S.W.2d 247, 250 (Tenn. Ct. App. 1996) (noting that standard of providing notice in tax lien cases is one of "reasonableness," requiring "diligent inquiry to locate and notify the owners of the property of the suit to enforce the tax lien").

The western section of this court reached the same conclusion in a similar case involving the tax sale of real property in which certified letters containing notice of the tax sale were returned

because the forwarding service had expired. In <u>Romans v. Tatum</u>, No. 01A01-9806-CV-00274, 1999 WL 415175, at *1 (Tenn. Ct. App. June 23, 1999), two certified letters containing notice of a county's lawsuit for delinquent taxes and of the pending tax sale of the property were sent to the property owner at the last address on file with the tax assessor's office. Both certified letters were returned marked by the Postal Service, respectively, as "Forwarding Order Expired" and "Return to sender. Forwarding address expired." <u>Id.</u> Notice of the tax sale was then published in a county newspaper, followed by the sale of the property to an individual named Tatum. <u>Id.</u> at **1-2. The trial court overturned the tax sale based on the county's failure to provide actual notice to the property owner and the mortgagee bank, "despite the fact that their addresses were readily ascertainable." <u>Id.</u> at *2. The western section of this court affirmed, concluding that, given the fact that the names and addresses of both the owner and the bank were "reasonably ascertainable" through a title search of the property, "notice by publication did not satisfy constitutional due process requirements." <u>Id.</u> at *4. In so doing, the court rejected Tatum's argument that notice by publication was sufficient because the property owner and the bank had both failed to comply with Tennessee Code Annotated section 67-5-2502, which placed the burden on them to register their names and addresses with the property assessor. <u>Id.</u> at **2-4.

In addition to <u>Beazley v. Armour</u>, the Department cites cases from Utah, California, and North Carolina as support for its contention that TMCC's failure to comply with the law requiring it to maintain its current address on file with the Department relieved the Department of any "duty to hunt TMCC down." <u>See</u> <u>Anderson v. Pub. Serv. Comm'n of Utah</u>, 839 P.2d 822 (Utah 1992) (affirming public service commission's revocation of limousine service owner's certificate of operation for failure to maintain proof of insurance and rejecting owner's argument he was entitled to actual notice); <u>Baughman v. Medical Bd. of California</u>, 46 Cal. Rptr. 2d 498 (Cal. Ct. App. 1995) (affirming medical board's revocation of physician's license to practice medicine following physician's failure to answer allegation of misconduct); <u>Evans v. Dep't of Motor Vehicles</u>, 26 Cal. Rptr. 2d 460 (Cal. Ct. App. 1994) (affirming department of motor vehicle's revocation of automobile dismantler's license for violation of various state statutes and regulations governing such businesses); <u>State v. Teasley</u>, 176 S.E.2d 838 (N.C. Ct. App. 1970) (affirming defendant's conviction for speeding and driving while license suspended and concluding that defendant was given sufficient notice of suspension of license ). These cases, however, are readily distinguishable from the facts of the instant case. Unlike the situation here, none of the out-of-state cases cited by the Department involve the forfeiture of property belonging to an innocent party who was totally unaware of the conduct leading to the forfeiture and whose only fault lay in failing to maintain a listing of its current address. Furthermore, in at least three of the cases cited, there is the suggestion that the party's failure to receive notice sent by certified mail resulted from its deliberate attempt to avoid notice. <u>See</u> <u>Anderson</u>, 839 P.2d at 823, 826 (observing that Anderson failed to claim his certified letter and concluding that "the agency also has a significant interest in ensuring that parties do not delay or subvert the administrative process by willfully evading notice"); <u>Baughman</u> 46 Cal. Rptr. 2d at 500 (noting Baughman's conflicting claims that he did not receive the notice sent by certified mail because "'the girl picking up the mail at that time didn't understand the notices,'" and that he did not pick up the certified letter because he had been receiving "harassing type mail from a medical

manufacturer"); <u>Evans</u>, 26 Cal. Rptr. 2d at 460 (noting that person residing at Evans' place of business received notice but allegedly failed to give it to Evans).

Adequate notice is an essential element of due process, and the burden is on the State to satisfy due process. <u>Redd v. Tennessee Dep't of Safety</u>, 895 S.W.2d 332, 335 (Tenn. 1995) (citing <u>Greene v. Lindsey</u>, 456 U.S. 444, 449, 102 S. Ct. 1874, 1877-78, 72 L. Ed. 2d 249 (1982)). "Notice must be given in a manner reasonably calculated to notify all interested parties of the pending forfeiture of the property in order to afford the opportunity to object to the State's taking." <u>Id.</u> at 334-35. If, as here, the State both knows the name of the property owner and that the address to which it has sent notice is no longer valid, due process requires that it make an effort to ascertain and notify the property owner at a valid address. No such effort was made in this case, despite the fact that TMCC's address was reasonably ascertainable through a telephone call to the Secretary of State's Office or a search of its web site. Because the Department failed to exert the minimal effort required to ascertain TMCC's correct address, TMCC was deprived of the opportunity to be present at a hearing to assert its claim to the vehicle. Therefore, we conclude the trial court was correct in finding that the notice provided failed to satisfy due process and in remanding the case to the Commissioner of Safety to conduct a hearing on TMCC's claim to the vehicle.

Accordingly, the judgment of the trial court is affirmed. Costs on appeal are taxed to the Department and its surety, for which execution may issue, if necessary.

_____
ALAN E. GLENN, SPECIAL JUDGE