# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

# LAMAR C. PELL v. THE CITY OF CHATTANOOGA, ET AL.

**Tenn. R. App. P. 3 Appeal from the Chancery Court for Hamilton County**
**No. 97-0738     Howell N. Peoples, Chancellor**

---

**No. E1999-01712-COA-R3-CV  - Decided May 9, 2000**

---

Plaintiff's residential property in Hamilton County was sold for delinquent property taxes after default judgment was entered against Plaintiff, the property owner. Plaintiff brought suit against the subsequent tax sale purchaser, and others, to set aside the default judgment and sale, asserting process had not been served properly on him in the delinquent tax suit. The Trial Court found that certified mail return receipts signed by Plaintiff's wife were sufficient proof of service under T.R.C.P. 4.04(10) and T.C.A. § 67-5-2415(e)(1), and granted summary judgment to the tax sale purchaser of the property and the other Defendants. Plaintiff argues on appeal that he was not served properly with process, first arguing that he was not served at all and then arguing that the statutory service procedure relied upon by the Trial Court violates due process. The judgment of the Trial Court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

SWINEY, J., delivered the opinion of the court, in which FRANKS and SUSANO, JJ. joined.

John C. Cavett, Jr., Chattanooga, Tennessee, for the appellant, Lamar C. Pell.

David B. Kesler, Chattanooga, Tennessee, and Stacie L. Caraway, Chattanooga, Tennessee, for the appellee, Raymond F. Smith, Jr. d/b/a Green Moss Company.

Paul G. Summers, Attorney General and Reporter, and Sean D. Clancy, Assistant Attorney General, for the intervenor, State of Tennessee.

## OPINION

Plaintiff/Appellant Lamar C. Pell ("Plaintiff") filed suit to set aside the tax sale of his

residential property in Hamilton County, along with the default judgment entered in the tax delinquency proceedings brought by the City of Chattanooga and Hamilton County. Defendant/Appellee Raymond F. Smith, Jr. ("Defendant"), doing business as Green Moss Company, purchased the property at issue at the tax sale. The State of Tennessee intervened to address Plaintiff's due process challenge to the statutory authorization for the method of service of process used to initiate the suit that resulted in default judgment against Plaintiff. The Trial Court granted summary judgment in favor of Defendant, finding service of process by certified mail, with evidence filed in the record of a return receipt signed by the spouse of the defendant as authorized by T.C.A. § 67-5-2415(e)(1) through T.R.C.P. 4.04(10). As the record of the Trial Court shows there are no genuine issues of material fact that the proper statutory procedures were applied in the tax delinquency lawsuit that resulted in default judgment, and the statutory procedures do not violate Plaintiff's constitutional due process rights, the judgment of the Trial Court is affirmed.

## Background

Plaintiff owned a residential property in Chattanooga where he resided with his wife and, apparently from time to time, other members of his family. Plaintiff failed to pay property taxes for the years 1992 through 1995. The City of Chattanooga and Hamilton County filed suits in Hamilton County Chancery Court for collection of the delinquent taxes. Notices of the suits for the individual tax years that were delinquent were sent by certified mail, addressed to Plaintiff at the property at issue. Return receipts were filed in the Trial Court record bearing the signature of Plaintiff's spouse, Geri Pell, dated July 30, 1993 and July 28, 1995, the signature of Plaintiff's brother, Leon Pell, dated February 23, 1994, the signature of Plaintiff's stepdaughter, Joy Hester, dated August 10, 1994, and a return receipt signed "Lana Pell" dated February 24, 1996. Various other pleadings were served by mail, addressed to Plaintiff at his residence, including the default motion and order, and orders relating to the sale of Plaintiff's property for tax delinquency.

Following entry of default judgment against Plaintiff, the property at issue was sold to Defendant at the tax sale on June 6, 1996. The present lawsuit was filed July 18, 1997, seeking to set aside the default judgment and tax sale, and naming as parties-defendant the City of Chattanooga and Hamilton County, as well as Defendant. Although acknowledging delinquency of the property taxes and that his brother had signed the certified mail return receipt, Plaintiff asserted in his complaint that he "never received a copy of the Summons from his brother, Leon Pell, nor anyone else." Plaintiff further asserted that he was unaware of the tax sale until contacted by Defendant by telephone in June or July of 1997.

The Attorney General filed his Motion To Intervene to defend the constitutionality of T.C.A. § 67-5-2415(e)(1). The Trial Court granted the motion and allowed the Attorney General to participate for the purposes of defending the constitutionality of T.C.A. § 67-5-2415(e)(1). After resolution of other procedural matters not relevant to the issue on appeal, the Trial Court granted Defendant's motion for summary judgment. The Trial Court found that the proper procedures under the relevant statutory authority, T.C.A. § 67-5-2415(e)(1), had been followed in the original lawsuit, that the default judgment was validly entered in that lawsuit, and that Defendant was entitled to judgment as a matter of law. The Trial Court by later order clarified that its earlier summary

judgment was intended to be in favor of all the Defendants, and specifically ordered the case against the City of Chattanooga and Hamilton County as well as Defendant be dismissed. It is from this summary judgment that Plaintiff appeals.

## Discussion

The only issue on appeal is whether Plaintiff was properly served with process in the lawsuit that resulted in the sale of Plaintiff's property for tax delinquency. As this issue was resolved in the Trial Court by summary judgment, the material facts were not in dispute, and the issue posed is a question of law, our standard of review is *de novo*.

> Our review of the trial court's grant of summary judgment is purely a question of law; accordingly, our review is *de novo*, and no presumption of correctness attaches to the lower courts' judgments. A summary judgment is appropriate only if the moving party shows that no genuine and material factual issue exists and that he or she is entitled to relief as a matter of law. In reviewing the record to determine whether summary judgment requirements have been met, we must view the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in the nonmoving party's favor. *Byrd v. Hall*, 847 S.W.2d 208, 210-11 (Tenn.1993). A summary judgment may be proper, therefore, only "when there is no dispute over the evidence establishing the facts that control the application of a rule of law."Id. at 214-15; Tenn. R. Civ. P. 56.

> *Eyring v. Fort Sanders Parkwest Medical Center*, 991 S.W.2d 230, 236 (Tenn. 1999).

Plaintiff argues that T.C.A. § 67-5-2415(e)(1) violates his due process rights relating to service of process in that Plaintiff was due personal service of the summons for the Trial Court to obtain jurisdiction. The statute, in relevant part, reads:

> (a) The defendant, when served in any manner according to the Rules of Civil Procedure, either by mail or in person, does not have to be served with a copy of the complaint and exhibit and instead, the clerk may issue a notice to accompany the summons.

> (b) The notice shall identify the suit mentioned in the summons sufficiently to enable the taxpayer to know what delinquent taxes the taxpayer is being sued for and what property is being subject to the lien.

> \* \* \* \*

> (e) In all counties, personal service of process on the defendant may be dispensed with and the summons and notice may be sent by certified or registered mail, return receipt requested.

(1) The return of the receipt signed by the defendant, *spouse*, or other person deemed appropriate to receive summons or notice as provided for in the Rules of Civil Procedure, or its return marked "refused," evidenced by appropriate notation of such fact by the postal authorities, and filed as a part of the record by the clerk, with notation on the docket of the true facts, shall be evidence of personal notice.

* * * *

T.C.A. § 67-5-2415 (emphasis added).

This statutory procedure for service of process by mail in lieu of personal service upon a defendant is authorized by T.R.C.P. 4.04(10):

The plaintiff shall furnish the person making the service with such copies of the summons and complaint as are necessary. Service shall be made as follows:

* * * *

(10) Service by mail of a summons and complaint upon a defendant may be made by the plaintiff, the plaintiff's attorney or by any person authorized by statute. After the complaint is filed, the clerk shall, upon request, furnish the original summons, a certified copy thereof and a copy of the filed complaint to the plaintiff, the plaintiff's attorney or other authorized person for service by mail. Such person shall send, postage prepaid, a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mail to the defendant. The original summons shall be used for return of service of process pursuant to Rule 4.03(2). Service by mail shall not be the basis for the entry of a judgment by default unless the record contains a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 *or statute*. If service by mail is unsuccessful, it may be tried again or other methods authorized by these rules or by statute may be used.

T.R.C.P Rule 4.04 (emphasis added).

Without citing any authority that holds service of process under the undisputed facts of this case to be improper, Plaintiff argues that the mere fact that the certified mail receipt was not signed by Plaintiff, as the defendant in the tax delinquency lawsuit, violates due process. Plaintiff also poses a strained argument that T.C.A. § 67-5-2415(e)(1) only authorizes the spouse of a defendant as proper signatory to a certified mail receipt after there is evidence that the defendant is evading service of process. Plaintiff claims that "[s]ervice on an individual other than the defendant is only authorized upon a showing that the defendant is attempting to evade process," attributing this statement to an unpublished opinion of this Court, *Third National Bank of Nashville, Tennessee v. Estes*, No. 85-142-II, 1986 WL 3155 (Tenn. Ct. App.1986)(perm. App. denied). The *Estes* opinion is not on point with the issues on appeal as it deals with the proper procedure to follow under

-4-

T.R.C.P. Rule 4.04(1). In particular, this opinion discusses the prerequisite findings for invoking alternative service when the defendant is evading service. That question is not before this Court.

Plaintiff further relies upon his own reading of the statute at issue, and the Chancellor's citation of an unpublished opinion of this Court, *Knowles v. State of Tennessee*, C.A. No. 03A01-9606-CH-00209, 1996 WL 668990 (Tenn. Ct. App. 1996)(no perm. app. filed), to support his argument. Along with other errors apparent in Plaintiff's brief on appeal, Plaintiff misreads the cited statute and related rules of procedure as analyzed and discussed in *Knowles*.

Plaintiff argues he was entitled to "personal service" of process, but did not receive personal service. Plaintiff did receive personal service under Tennessee law. Plaintiff argues that T.R.C.P. Rule 4.03(1) requires a finding that the party-defendant must be attempting to evade process before service by mail is appropriate. This argument is unsupported by authority, and simply not accurate under Tennessee law. T.R.C.P. Rule 4.04 authorizes entry of default judgment when the record of the Trial Court "contains a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute." Here, where the issue is a proceeding arising from tax delinquency, the statute providing the designation is T.C.A. § 67-5-2415(e)(1). The statute creates three categories of persons whose signature may appear on the return receipt to validate entry of default judgment when service of process is by mail under T.R.C.P. Rule 4.04, (1) the defendant, (2) the spouse of the defendant, or (3) a person not the defendant or the defendant's spouse deemed appropriate to receive notice. The statute makes such evidence, when found to appear in the record of the Trial Court, as establishing personal service upon the defendant. From the record before us, we find Plaintiff was served in compliance with T.C.A. § 67-5-2415(e)(1) and T.R.C.P. 4.04(10), which finding disposes of all Plaintiff's arguments other than his due process argument, which is next addressed.

The method of personal service established under T.R.C.P. 4.04(10) and T.C.A. § 67-5-2415(e)(1), under the facts of this case, does not offend Plaintiff's right to due process.

> Basic due process requires "notice reasonably calculated under all the circumstances, to apprise interested parties" of the claims of the opposing parties. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657 94 L.Ed. 865 (1950). The purpose of due process requirements is to notify the individual in advance in order to allow adequate preparation and reduce surprise. *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 14, 98 S.Ct. 1554, 1562-63, 56 L.Ed.2d 30 (1978).
>
> *Sanford v. Tennessee Dept. of Environment & Conservation*, 992 S.W.2d 410, 414-415 (Tenn. Ct. App. 1998).

The undisputed facts in the record of the Trial Court do not provide any support for Plaintiff's argument that the service of process method used in this case did not provide notice reasonably calculated under all the circumstances of this case to apprise Plaintiff of the tax

delinquency lawsuit concerning his property.[1]  Plaintiff has never asserted that the notices were not sent to his residence.  Notably, Plaintiff failed to mention in his complaint that his spouse had, indeed, signed two certified mail return receipts for actions relating to delinquent taxes for two different years, stating only that his brother who sometimes stayed at the house had signed one return receipt.   Other return receipts appearing in the record were signed on behalf of Plaintiff by his stepdaughter who lived on the property at that time, and a "Lana Pell" whose identity is unclear from the record.  As the signature of Plaintiff's spouse is specifically authorized in the statute to establish personal service, it is not necessary to reach the issue of whether these other signatures would be of an "other person deemed appropriate to receive summons or notice as provided for in the Rules of Civil Procedure" as provided in T.C.A. § 67-5-2415(e)(1).

Service of process by mail in this type of case has been found to be within the requirements of due process by Tennessee courts when the notice is addressed to the defendant at the defendant's last known address.

> Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable. Furthermore, a mortgagee's knowledge of delinquency in the payment of taxes is not equivalent to notice that a tax sale is pending.

> (*Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706) at 799-800, 103 S.Ct. at 2712.  This Court has applied *Mennonite* to cases involving the tax sale of realty. *See Freeman v. City of Kingsport*, 926 S.W.2d 247, 249-50 (Tenn.App.1996) ("actual notice is required if the interested party's name and address are reasonably ascertainable"); *Morrow v. Bobbitt*, 943 S.W.2d 384 (Tenn.App.1996).

> *Sunburst Bank v. Patterson*, 971 S.W.2d 1, 5 (Tenn. Ct. App. 1997)(discussing appropriate procedures before relying upon service by publication for entry of default judgment in a tax sale case).

As noted by the Chancellor, service under this procedure has been previously addressed by this Court.  In a similar lawsuit brought to set aside a tax sale of real property, a certified mail return receipt signed by a spouse was found to provide proper notice effective to a party who did not sign the return receipt.

The plaintiff, Mr. Knowles, received the summons and notice and signed the receipt.

---

[1] Plaintiff also argues on appeal that the Chancellor held that T.C.A. § 67-5-2415(e)(1) "created a right to serve the spouse of a defendant in any case." Review of the Memorandum Opinion and Order of the Trial Court reveals this argument to be, quite simply, incorrect, as the Chancellor specifically addressed this as a tax delinquency lawsuit brought under the appropriate statutory authority.

Mrs. Knowles argues that since she was not signatory to the receipt for the mail and did not individually receive a notice, she was not served. We respectfully disagree. "The return of the receipt signed by the ... spouse ... shall be evidence of personal notice." *See* T.C.A. § 67-5-2415 above. Further, Rule 4.03 provides that "[i]f the return receipt is signed by the defendant, or by a person designated ... by statute, service on the defendant is complete." (Emphasis added). Since T.C.A. § 67-5-2415 specifically designates a spouse as a person who may sign a receipt and whose signature shall constitute evidence of personal service, we are of the opinion that the service of a summons and notice was complete as to both plaintiffs . . ..

*Knowles v. State of Tennessee*, C.A. No. 03A01-9606-CH-00209, 1996 WL 668990 at 2.

Plaintiff attempts to distinguish *Knowles* as addressing the law only when both spouses are parties-defendant to a delinquent tax lawsuit. Plaintiff misreads *Knowles.* Plaintiff advances the identical issue as Mrs. Knowles, that he was not served since he was not signatory to the return receipt. Once again, we hold that a certified mail return receipt signed by a spouse is evidence of service on a defendant under T.C.A. § 67-5-2415(e)(1). Whether both or only one of the spouses are parties-defendant to the tax lawsuit makes no difference under T.C.A. § 67-5-2415(e)(1). The statute does not require that the spouse who signs the return receipt be an owner of the property or a party-defendant to the suit for service to be effective on the non-signing spouse.

Plaintiff argues on appeal that his signature does not appear on any of the certified mail receipts that appear in the record, and that in applying the procedure for service of process for this type of lawsuit as set forth by the Tennessee Legislature, Plaintiff's due process rights were violated. As Plaintiff does not dispute that the signature of his spouse appears on the certified mail return receipt filed with the papers of the Trial Court, and finding such signature sufficient to establish personal service upon Plaintiff under Tennessee law, and further holding that T.C.A. § 67-5-2415(e)(1) does not violate the requirements or purposes of due process rights and, therefore, is constitutional, the judgment of the Trial Court is affirmed. Defendant's request for damages under T.C.A. § 27-1-122 is denied.

## Conclusion

The judgment of the Trial Court is affirmed, and this suit remanded to the Hamilton County Chancery Court for further proceedings as necessary, if any, and for collection of costs below. Costs of this appeal are taxed to the appellant, Lamar C. Pell.