Michael D. FREEMAN, Alice Michelle Grizzle, Nada Joye Fisher and Sidney Earl Odham, Plaintiffs–Appellants,

v.

CITY OF KINGSPORT, Tennessee, Mike Coffman, Larry Phillips, and Sarah Housewright, Clerk and Master of Sullivan County, Tennessee, Defendants–Appellees.

Court of Appeals of Tennessee, Eastern Section.

Jan. 17, 1996.

Permission to Appeal by Supreme Court May 20, 1996.

J. Myers Morton and George W. Morton, Jr., Morton & Morton, Knoxville, and C. Christopher Raines, Jr., Mt. Carmel, for Plaintiffs–Appellants.

David W. Blankenship, and J. Michael Billingsley, City Attorney, Kingsport, for City of Kingsport.

Richard Hopson, Kingsport, for Coffman & Phillips.

## OPINION

FRANKS, Judge.

In this action to set aside a tax sale of property, the defendant City of Kingsport's motion to dismiss was granted by the Trial Judge. Plaintiffs have appealed.

The complaint alleges that plaintiffs are the heirs of Anna B. Pearson, through her daughter, Leona Sue Odham, and at the time of Anna B. Pearson's death in 1966, she left a life estate to Leona Sue with the remainder to Leona's children. Leona Sue Odham (nee Pearson) died intestate on the 8th day of October, 1991 and the plaintiffs are her surviving children.

It is averred that subsequent to the death of Anna, Leona Sue paid city and county taxes on the property until the years 1987 and 1988, when she neglected to pay Kingsport city taxes. However, she paid the taxes "for the years 1989 and 1990, until her death in 1991".

On or about July 9, 1990, defendant City filed suit against Anna B. Pearson and other delinquent taxpayers for the collection of delinquent taxes. Attempts were made to serve Anna B. Pearson with process by certified mail on July 10, 1990, which was returned with a notation that Anna Pearson was deceased. A summons was issued on the 3rd day of January 1991, and was returned unserved by the deputy, indicating that service could not be made because the defendant was deceased. Subsequently, an order of publication appeared in the local newspaper, purporting to give notice to the unborn and unknown heirs of Anna B. Pearson. Publication ended on March 15, 1991. Default judgment was entered, and subsequently the property was sold to defendants Coffman and Phillips by defendant City for

the amount of unpaid taxes, of approximately $410.00.

Defendant City of Kingsport, pursuant to T.R.C.P. Rule 12.02(6) filed a motion to dismiss on the ground that "Tennessee Code Annotated Section 67–5–2502 is completely dispositive of any and all claims of Leona Sue Odham ... and/or any persons claiming through Anna B. Pearson".

It is argued that T.C.A. § 67–5–2502(a)(3) authorized defendant to give notice by forwarding the same to "the address of an owner of property which is on record in the office of the Assessor of Property", and further that the only name of record in the office of the Property Assessor was Anna B. Pearson. Responding to the Motion to Dismiss, the Trial Judge filed what purports to be a "finding of fact and memorandum of law", but concluded in his order "that this matter be dismissed in total and as to all defendants for the reasons stated above pursuant to Rule 12.02(6) [failure to state a claim upon which relief can be granted]."

■ On appeal, plaintiffs argue that the Trial Court "went beyond the allegations of the complaint" in his response to the motion to dismiss,[1] and the publication for the unknown heirs of Anna B. Pearson was ineffective to give statutorily required notice to the owners of property, rendering the resulting judgment voidable under the due process clause of the United States Constitution.

Tennessee Code Annotated § 67–5–2201 *et seq.* establishes a tax lien on real property for delinquent taxes, which is defined as taxes that have been due and payable for at least two years. The procedure is set forth for enforcing the lien and sale of the real property to satisfy the tax debt. T.C.A. § 67–5–2405 provides that these actions may be filed in either the Circuit or Chancery Court in the county where the taxes are due, and that "the bill shall be in substance and form as other bills of complaint for the enforcement of liens".[2] Process in this case was governed by Tennessee Rules of Civil Procedure for dealing with the issuance and service of process, and T.C.A. § 21–1–203(a) which provides several exceptions to the requirement of personal service. *See Watson v. Waters*, 694 S.W.2d 524 (Tenn.App.1984). Defendants assert they were entitled to use exception (a)(4) i.e., "when the name of the defendant is unknown and cannot be ascertained upon diligent inquiry" and further argue that this exception combined with the provisions of T.C.A. § 67–5–2502,[3] placing an affirmative burden on Pearson's heirs to file a declaration of interest in the property allowed publication notice to suffice.

When the process was returned, establishing the registered owner of the property was deceased, it was incumbent upon the lienholder to sue out process in accordance with the rules governing *in rem* actions. At that juncture, the lienholder would be required to demonstrate that the parties with interests in the property could not be identified or located through diligent inquiry before publication could be resorted to. T.C.A. § 21–1–203 provides when publication may substitute for personal service, and among the circumstances is "when the name of the defendant is unknown and cannot be ascertained upon diligent inquiry". The reason behind the statute is to ensure that the parties so proceeded against are in fact unknown, because the rights of an interested party cannot be foreclosed where the identity of the party is known or can be ascertained by "diligent inquiry".

The issue framed by the complaint is whether diligent inquiry would have estab-

---

1. A motion to dismiss for failure to state a cause of action assumes the averments of the complaint are true and the Trial Court cannot make a fact finding independent of the averments of the complaint.

2. T.C.A. § 67–5–2414 provides that all suits for the sale of property for taxes "shall be prosecuted according to the procedure of courts of Chancery".

3. T.C.A. § 67–5–2502(b) reads "it is the responsibility of the property owner to register the property owner's name and address with the Assessor of Property of the County in which the land lies".

T.C.A. § 67–5–2502(c) reads "any person claiming an interest in taxable real property who is not in possession of that property shall be deemed to have waived any right to notice provided by § 67–5–2415 or this section, unless such a person shall file a statement declaring such interest with the Assessor of Property".

The record establishes that Leona Sue was in possession of the property at the times relevant to this statute.

lished the identity and/or residence of the deceased heir or heirs.

■■■ T.C.A. 67–5–2502 came into play only after the default judgment was entered against the unknown heirs.[4] This section does provide (c)(1) "any person claiming an interest in taxable real property who is not in possession of that property shall be deemed to have waived any right to notice provided by Section 67–5–2415 or this section, unless such person shall file a statement declaring such interest with the Assessor of Property." T.C.A. § 67–5–2415 does provide that a notice in lieu of a copy of the complaint and exhibit may accompany the summons. However, where constructive service is required, § 67–5–2415(d) states:

Constructive service of process shall be made as now provided by law.

Accordingly, we conclude that where constructive service is resorted to, as was in this case, constitutional safeguards must be satisfied.[5] The issue thus becomes in this *in rem* proceeding whether the procedure followed satisfies the due process requirements of notice to the owners of the property prior to the entry of the default judgment. The lien on the property must be perfected before an order of sale may be made to satisfy the debt. *See Gibsons Suits in Chancery* volume § 472 Inman 6. Ed.

The due process standard is set forth in *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). The Court in a footnote at 796, 103 S.Ct. at page 2710 of the opinion, traces the development of the standard and concluded:

Where the identity of interested residents could not be ascertained after a diligent inquiry, however, their interest in property could be affected by the proceedings *in rem* as long as constructive notice was provided. *See Hamilton v. Brown, supra,* 161 U.S. [256], at 275, 16 S.Ct. [585], at 592 [40 L.Ed. 691 (1896) ]; *American Land Co. v. Zeiss,* 219 U.S. 47, 61–62, 65–66, 31 S.Ct. 200, 206–207, 55 L.Ed. 82 (1911).

Beginning with *Mullane, [v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950) ], this Court has recognized, contrary to the earlier line of cases, that "an adverse judgment *in rem* directly affects the property owner by divesting him of his rights in the property before the court." *Shaffer v. Heitner, supra,* 433 U.S. [186], at 206, 97 S.Ct. [2569], at 2580 [53 L.Ed.2d 683 (1977) ]. In rejecting the traditional justification for distinguishing between residents and nonresidents and between *in rem* and *in personam* actions, the Court has not left all

---

4. T.C.A. § 67–5–2502 sets forth the procedure for notice of sale of the property to satisfy the lien.

5. Moreover, as to provisions relied upon by defendant, the U.S. Supreme Court in *Adams, infra,* observed: "more importantly, a party's ability to take steps to safeguard its interests does not relieve the State of its constitutional obligation". *Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 799, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180 (1983).

We are not unmindful of *Cook v. McCullough,* 735 S.W.2d 464 (Tenn.App.1987):
When this ruling was appealed to the TN Supreme Court, the Supreme Court stated that: We agree with the decision of the Court of Appeals on issues that were addressed in its opinion. However, the issue of the adequacy of notice was not addressed, although it had been brought to the attention of the Court of Appeals in Plaintiff's brief and in Plaintiff's petition to rehear. We therefore remand the case to the trial court for further proceedings relative to the notice issue.
The case then came back up to the appellate court when the plaintiffs attempted to amend

their complaint to challenge the constitutionality of the tax sale without receiving notice. The Court determined that the previous proceedings meant that:
the action of the Supreme Court approved and affirmed the conclusion and judgment of this Court that, by failure to register their names as owner/taxpayers of the subject property, plaintiffs forfeited the right to notice of the tax suit and tax sale ... [because the application to appeal to the Supreme Court alleged that the tax sale notices failed to comply with statutory and constitutional requirements.] ... by its limited remand for an evidentiary hearing upon the adequacy of the Nashville Record publication, the Supreme Court undoubtedly included Constitutional and statutory provisions as standards for adequacy of the notice to "record owners" ... in summary, the holdings of this Court, as affirmed by the Supreme Court, and the holding of the Supreme Court as to limit of remand constitute the law of this case, foreclosing and excluding any complaint, constitutional or otherwise, as to the omission of the names of the plaintiffs from the tax sale proceedings or any notices pursuant thereto. *Cook* at 469.

interested claimants to the vagaries of indirect notice. Our cases have required the State to make efforts to provide actual notice to all interested parties *comparable to the efforts that were previously required only in in personam actions*". (Emphasis supplied).

The Court held that actual notice is required if the interested party's name and address are reasonably ascertainable. The standard is one of reasonableness, and the Court makes clear that taxing authorities are not required to "undertake extraordinary efforts to discover the identity and whereabouts" of an interested party. We conclude this standard is essentially codified in T.C.A. § 21–1–203 which requires diligent inquiry to locate and notify the owners of the property of the suit to enforce the tax lien. The issue of whether these plaintiffs' names and addresses were reasonably ascertainable is a question of fact and must be determined upon trial. For the foregoing reasons we vacate the judgment of the Trial Court and remand for further proceedings consistent with this opinion.

The costs of the appeal are assessed to appellees.

McMURRAY, J., and SANDERS, Senior Judge, concur.