# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

| | | |
|---|---|---|
| **SUNBURST BANK, CARLTON BARNES, and ALMA JO BARNES,** | ) | |
| | ) | |
| Plaintiffs/Appellees, | ) | Shelby Equity No. 104528 |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **ROBERT PATTERSON, SR., SHELBY COUNTY TRUSTEE; HAROLD STERLING, SHELBY COUNTY ASSESSOR OF PROPERTY; JOHN ROBERTSON, CLERK & MASTER OF THE CHANCERY COURT FOR THE THIRTIETH JUDICIAL DISTRICT and SHELBY COUNTY, TENNESSEE,** | ) ) ) ) ) ) ) ) ) ) | Appeal No. 02A01-9509-CH-00195 |
| | ) | |
| Defendants/Appellants. | ) | |

**FILED**

**July 21, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

APPEAL FROM THE CHANCERY COURT OF SHELBY COUNTY
AT MEMPHIS, TENNESSEE

THE HONORABLE C. NEAL SMALL, CHANCELLOR

For the Plaintiff/Appellee, Sunburst Bank:

S. Russell Headrick
John S. Golwen
Memphis, Tennessee

For the Defendants/Appellants, Robert Patterson, Jr., Shelby County Trustee, Harold Sterling, Shelby County Assessor of Property, John Robertson, Clerk & Master of The Chancery Court for the Thirtieth Judicial District and Shelby County, Tennessee:

Lynn Cobb
Danny Presley
Memphis, Tennessee

For the Plaintiffs/Appellees, Carlton Barnes and Alma Jo Barnes:

Richard L. Winchester
Memphis, Tennessee

For the Defendants/Appellants, W. J. Wallace and Norma Wallace:

Roger A. Stone
Memphis, Tennessee

**AFFIRMED AND REMANDED**

HOLLY KIRBY LILLARD, J.

CONCUR:

W. FRANK CRAWFORD, P.J., W.S.

DAVID R. FARMER, J.

## OPINION

In this case, the trial court set aside the tax sale of a tract of realty because the lack of sufficient notice to the property owners and the mortgagor violated their constitutional right to due process. Relying on *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S. Ct. 2706, 77 L. Ed. 2d 180 (1983), we affirm.

Appellees Carlton and Alma Jo Barnes ("the Barneses"), residents of Olive Branch, Mississippi, purchased a house in Shelby County, at 4935 Forest Hill-Irene Road. They took out a mortgage on the property with Appellee Sunburst Bank ("Sunburst"), a bank in Southaven, Mississippi. Both the Trust Deed and the Warranty Deed directed that tax bills be sent to Sunburst, whose address was provided on both deeds. However, neither the Barneses nor Sunburst filed a Declaration of Interest by One Not in Possession, a form that specifically requests that notices such as tax notices be sent to another address. The Barneses leased the residence to George Holley, the person from whom they had purchased it.

When property taxes became due, the Trustee's office sent the notices to the Shelby County residence, not to Sunburst, as directed on the deeds, or to the Barneses. When the taxes became delinquent, other notices regarding the delinquent taxes were sent to the property address. The property address was eventually flagged as an incorrect mailing address for notice purposes. However, notices were not sent to Sunburst or the Barneses. Rather, notice of the lawsuit for collection of the delinquent taxes and the resulting tax sale was given by publication. Pursuant to Tennessee Code Annotated § 67-5-2501 et seq., the property was sold for taxes to Appellants W. J. and Norma Wallace ("the Wallaces") on approximately July 8, 1993. The Barneses learned of the sale only after the one-year redemption period had run.

Sunburst and the Barneses subsequently sued Robert Patterson, Jr. (Shelby County Trustee), Harold Sterling (Shelby County Assessor of Property), and John Robertson (Clerk and Master of the Chancery Court for the Thirtieth Judicial District), and Shelby County (collectively "the County Defendants"), as well as the Wallaces, seeking injunctive relief and invalidation of the tax sale. They alleged that their constitutional rights had been violated and sought relief under 42 U.S.C. § 1983. The trial court granted Sunburst and the Barneses a temporary restraining order.

The trial court extended the temporary injunctive relief to permit the parties to conduct expedited discovery. The County Defendants filed a motion to dismiss. The trial court then set a hearing on the request for a temporary injunction.

At the hearing on the temporary injunction, the trial court decided to consolidate the hearing with a bench trial on the merits. At the conclusion of the proceeding, the trial court found that the failure to give notice of the impending tax sale violated the plaintiffs' due process rights under the Fourteenth Amendment to the United States Constitution, and consequently set aside the sale of the realty to the Wallaces. The court set a separate hearing for the plaintiffs' request for attorney's fees and the Wallaces' request for reimbursement of expenses relating to upkeep of the property.

After the second hearing, the trial court awarded Sunburst attorney's fees and expenses totaling $33,080 and awarded the Barneses attorney's fees and expenses in the amount of $3,787.50. The trial court also ordered that the Wallaces be reimbursed the $25,000 they paid for the property at the tax sale, $3,596 in interest, and the monies they paid for property taxes, fire insurance, maintenance, and repairs. The trial court denied the Wallaces' request for attorney's fees. The County Defendants and the Wallaces now appeal the trial court's decision, and Sunburst raises an issue on appeal as well.

On appeal, the County Defendants contend that the trial court erred in finding that the sale of the property should be set aside because the failure to provide notice of the tax sale violated the plaintiffs' due process rights. Secondary issues are whether the trial court erred by ruling on the merits without first considering Shelby County's Motion to Dismiss and whether the trial court erred by combining a hearing on the continuation of the injunction with a hearing on the merits. The County Defendants maintain further that the plaintiffs fail to state a claim under Section 1983 against Shelby County, because of the absence of a municipal policy, procedure, or custom which caused the damages. The County Defendants also contend on appeal that the plaintiffs failed to state a cause of action under 42 U.S.C. § 1983 as to the individual officials, the Shelby County Trustee, the Shelby County Assessor, and the Clerk and Master of the Chancery Court, because there were no allegations of personal involvement.

2

The Wallaces appeal the setting aside of the tax sale, and also appeal the trial court's denial of their request for attorney's fees. Sunburst appeals the amount of its award of attorney's fees and expenses, alleging that, under 42 U.S.C. § 1988, it should have been awarded the full amount it requested.

Our review of this case is *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Absent error of law, the trial court's decision will be affirmed, unless the evidence preponderates against the factual findings. Tenn. R. App. P. 13(d). No presumption of correctness attaches to the trial court's conclusions of law. ***See Carvell v. Bottoms***, 900 S.W.2d 23, 26 (Tenn. 1995).

To consider the primary issue on appeal, whether the failure to give notice of the impending tax sale violated the plaintiffs' due process rights, we must review the statutes regarding the sale of property in order to collect delinquent taxes. Tennessee Code Annotated § 67-5-2501 provides that, in order to collect delinquent taxes on realty, "[t]he court shall order a sale of the land for cash, subject to the equity of redemption." Tenn. Code Ann. § 67-5-2501(a)(1) (Supp. 1996). When a tax sale is to be held, "[n]otice to parties or others in delinquent tax suits and sales shall be governed by the Tennessee Rules of Civil Procedure, and may be forwarded to the address of an owner of the property which is on record in the office of the assessor of property." Tenn. Code Ann. § 67-5-2502(a)(3) (Supp. 1996). In addition, the statutes provide for notice to the public in such sales. Tenn. Code Ann. § 67-5-2502(a) (Supp. 1996). Prior to 1996, in order for anyone with an interest in property to assure himself of notice, certain procedures had to be followed:

> (b) It is the responsibility of the property owner to register the property owner's name and address with the assessor of property of the county in which the land lies.

> (c)(1) Any person claiming an interest in taxable real property who is not in possession of that property shall be deemed to have waived any right to notice provided by § 67-5-2415 or this section unless such person shall file a statement declaring such interest with the assessor of property.

> (2) Such statement shall be on a form prescribed by the assessor of property and shall include:

> (A) A description of the interest claimed;

> (B) The name of the person in possession of the property; and

> (C) The address to which any such notice is to be sent.

> (3) Any person claiming an interest and not waiving right to notice provided

3

by § 67-5-2415 or this section shall file the statement required by this subsection annually between December 1 and December 31.

(4) At least once each year prior to December 1, the county trustee shall cause to be published in a newspaper of general circulation, a notice that any person claiming an interest in taxable real property as described above must file a statement as described above, or such person shall be deemed to have waived any right to notice as provided by § 67-5-2415 or this section.

Tenn. Code Ann. § 67-5-2502(b)-(c) (1994).[1] In the event of a tax sale, anyone entitled to redeem the property must file for redemption "within one (1) year after entry of an order of confirmation of the tax sale by the court" or else lose all interest in the property. Tenn. Code Ann. § 67-5-2702(a) (1994).

Therefore, the statute in effect during the events in this case required a mortgage holder such as Sunburst, claiming a non-possessory interest in real property, to file a declaration of interest in order to avoid waiving its right to notice. Neither Sunburst nor the Barneses filed the appropriate form, a Declaration of Interest by One Not in Possession. Consequently, all tax notices, including the notice of the tax sale, were sent to the property address only, despite the request on both deeds that all tax notices be sent to Sunburst. Notice of the tax sale was published in a Shelby County newspaper, but neither the Barneses nor Sunburst ever saw the publications. In addition, neither Sunburst nor the Barneses were sent a notice regarding redemption rights after the sale.

On appeal, the County Defendants rely on a Tennessee case in which publication was deemed adequate notice of a tax sale of realty. In *Marlowe v. Kingdom Hall of Jehovah's Witnesses*, 541 S.W.2d 121 (Tenn. 1976), a summons for a delinquent tax sale lawsuit was returned by the sheriff as "not to be found in county." Consequently, notice of the tax sale was served by publication. *Id.* The plaintiff argued that the tax sale was invalid because notice was by publication rather than personal service of process. The Tennessee Supreme Court held that publication was sufficient notice, reasoning that "[e]very landowner knows that his property is subject to taxes and that they are paid to the county trustee on an annual basis," and that each landowner "is charged with the

---

[1]In 1996, Tennessee Code Annotated § 67-5-2502 was amended. Subsection (c) was completely rewritten and now provides the following:

(c) The delinquent tax attorney shall make a reasonable search of the public records and give notice to persons identified by the search as having an interest in the property to be sold. The court shall set a reasonable fee for this service.

Tenn. Code Ann. § 67-5-2502(c) (Supp. 1996).

4

knowledge that taxes become a first lien upon his property . . . and that they are due and payable on the first Monday in October in each year." *Id.* at 124. The Court found that constructive notice in a tax sale violated neither the Constitution of the United States nor the Constitution of Tennessee. *Id.* at 124-25; *see also 4945 Florida Corp. v. Caldwell*, No. 01A-01-9405-CH-00217, 1994 WL 594923 (Tenn. App. Nov. 2, 1994).

However, the result in the case at bar must be controlled by the decision of the United States Supreme Court in *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S. Ct. 2706, 77 L. Ed. 2d 180 (1983). In *Mennonite*, decided several years after *Marlowe*, the Court considered "the question whether notice by publication and posting provides a mortgagee of real property with adequate notice of a proceeding to sell the mortgaged property for nonpayment of taxes." *Id.* at 792, 103 S. Ct. at 2708. Citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950), the Court first noted that "a mortgagee possesses a substantial property interest that is significantly affected by a tax sale." *Mennonite*, 462 U.S. at 798, 103 S. Ct. at 2711. Given this interest, the Court reasoned that a mortgagee is entitled to receive notice that is reasonably calculated to inform him of an impending tax sale. *Id.* The Court stated:

> When the mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee's last known available address, or by personal service. But unless the mortgagee is not reasonably identifiable, constructive notice alone does not satisfy the mandate of *Mullane*.

*Id.* The Court found that personal service or mailed notice is required even though sophisticated creditors have the ability to discover for themselves whether or not taxes have been paid on the property. *Id.* at 799, 103 S. Ct. at 2712. The Court noted that "a party's ability to take steps to safeguard its interests does not relieve the State of its constitutional obligation." *Id.* Finding that a state cannot forgo "the relatively modest administrative burden of providing notice by mail," the Court concluded:

> Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of *any* party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable. Furthermore, a mortgagee's knowledge of delinquency in the payment of taxes is not equivalent to notice that a tax sale is pending.

*Id.* at 799-800, 103 S. Ct. at 2712. This Court has applied *Mennonite* to cases involving the tax sale of realty. *See Freeman v. City of Kingsport*, 926 S.W.2d 247, 249-50 (Tenn. App. 1996) ("actual

notice is required if the interested party's name and address are reasonably ascertainable"); ***Morrow v. Bobbitt***, 943 S.W.2d 384 (Tenn. App.1996).

In the instant case, the trial court made a finding "that the governmental defendants had actual knowledge of plaintiff Sunburst's property interest in said property" and "that the Barnes' correct address was reasonably ascertainable by the governmental defendants." The evidence in the record supports this finding of fact. It is undisputed that both the Warranty Deed and the Trust Deed, both on file with the Shelby County Register of Deeds, directed the Shelby County Assessor of Property and Shelby County Trustee to mail tax bills to Sunburst, whose address was on the deeds. A representative of the Shelby County Trustee's Office gave deposition testimony that the two deeds were included in a collection of documents called a title reference, and that the title reference would normally be in the possession of the Tax Sale Department prior to the filing of the lawsuit for delinquent taxes. Likewise, the Barneses' names were on both deeds, and the record indicates that the office address of Carlton Barnes was listed in the Memphis phone directory. Therefore, the plaintiffs' names and addresses were reasonably ascertainable, and notice by publication was insufficient and violated Sunburst's due process rights.

The County Defendants assert on appeal that the trial court failed to consider their motion to dismiss prior to ruling on the merits of the case. In light of our determination that notice by publication violated the plaintiffs' due process rights, we find any error in failing to consider the motion to dismiss first to be harmless.

The County Defendants also contend on appeal that the trial court erred in combining the hearing on a continuation of the injunction with a trial on the merits. Rule 65.04(7) of the Tennessee Rules of Civil Procedure permits a trial court to consolidate the trial with a hearing on injunctive relief:

> **(7) Consolidation of Hearing With Trial on Merits.** Before or after the commencement of the hearing of an application for a preliminary injunction, the Court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. Even when this consolidation is not ordered, any evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial. This subdivision [65.04(7) ] shall be so

construed and applied as to save to the parties any rights they may have to trial by a jury.

Tenn. R. Civ. P. 65.04(7). In this case, the record indicates that the County Defendants were on notice that the plaintiffs would ask the trial court to consolidate the proceedings. The County Defendants objected to consolidation, but stated only that they were not prepared to argue the issues regarding attorney's fees and certain expenses claimed by the Wallaces. The trial court set a later hearing to consider these issues. We find no error in the trial court's decision to consolidate the proceedings.

The County Defendants argue that the plaintiffs failed to state a cause of action under 42 U.S.C. § 1983[2] as to Shelby County because of the absence of a policy, procedure, or custom which caused the damages. A municipality can be liable for a Section 1983 violation only when a plaintiff's constitutional rights are deprived as the result of a governmental policy, procedure, or custom. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2035-36, 56 L. Ed. 2d 611 (1978). There must be a direct causal connection between the policy and the alleged violation. *See Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985). In this case, the deposition testimony of Michael Denegri, Deputy Administrator of the Abstract Department of the Assessor's Office, established the existence of the policy which resulted in the plaintiffs' not receiving actual notice of the tax sale:

> Q: Now, tell me that again. Which information do you transmit, about where to send tax bills?
>
> * * *
>
> A: It's a policy of our office not to mail any tax bills to any mortgage companies or banks if it is so noted on the deed. Our policy is to send it in lieu of that to the property location. And this is to insure [sic] that the property owner gets all notices of assessment and any other letters or things, any rulings from the County Board of Equalization. Otherwise, if we don't do that, then the property owner in most cases does not get that from the mortgage company.

This testimony establishes that a governmental policy existed which resulted in Shelby County

---

[2]42 U.S.C. § 1983 provides the following:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C.A. § 1983 (Supp. 1997).

disregarding the request on the Warranty Deed and the Trust Deed to send tax notices to Sunburst. Thus, the policy was a proximate cause of the plaintiffs' damages. Consequently, the plaintiffs state a claim against Shelby County under Section 1983.[3]

The County defendants assert on appeal that the plaintiffs fail to state a claim against the individual officials in their individual capacities. Since damages and attorney's fees were assessed against Shelby County alone, this argument need not be considered.

The Wallaces argue on appeal that the trial court erred in not awarding them attorney's fees. They argue that several statutes, when read together, make it clear that they should have been awarded attorney's fees after invalidation of the tax sale, citing Tennessee Code Annotated §§ 67-5-2504(a)(1), 67-5-2501(a)(3), and 67-5-2506(a)(3). The statutes cited simply do not support this contention. The trial court did not err in its denial of attorney's fees to the Wallaces.

Finally, Sunburst contends that the trial court erred in refusing to award the full amount of attorney's fees and expenses they requested. Sunburst was awarded attorney's fees pursuant to 42 U.S.C. § 1988, which provides that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C.A. § 1988(b) (1994 & Supp. 1997). In general, an award of attorney's fees under Section 1988 will be reversed or altered only if the trial court has abused its discretion. *See id.* *Wasielewski v. K Mart Corp.*, 891 S.W.2d 916, 919 (Tenn. App. 1994). Sunburst originally requested an award of $34,190.43. The trial court reduced that amount to $30,000. The record indicates that the trial court reduced Sunburst's fees for equitable reasons, because Sunburst and the Barneses bore some responsibility for creating the situation giving rise to the suit, by failing to make certain taxes were paid for several years. Later, Sunburst requested an additional $7,547.44 in fees and expenses incurred in subsequent proceedings. The trial court awarded only $3,080 in additional fees, presumably for the same reason. We find no abuse of discretion in the trial court's decisions to award Sunburst less than the full amount of fees requested.

Sunburst and the Barneses argue that they should be awarded reasonable attorney's fees

---

[3]In the County Defendants' discussion of this issue, they assert that, in order for an action to exist for a violation of § 1983, a plaintiff must plead and prove the inadequacy of all state remedies. This issue was not included in the recitation of issues in their Brief. As such, it is not properly before this Court. Tenn. R. App. P. 13(b). Moreover, the County Defendants fail to cite any state remedies which could have been pursued by the plaintiffs in this case.

incurred in defending this appeal. ***See Northcross v. Board of Educ. of Memphis City Sch.***, 611 F.2d 624, 637 (6th Cir. 1979). We agree that attorney's fees should be awarded for this appeal. Consequently, we remand to the trial court to determine the amount of attorney's fees to be awarded for this appeal.

The decision of the trial court is affirmed. We remand this cause to the trial court for determination of the attorney's fees to be awarded to Appellee for this appeal. Costs are assessed against Appellants, for which execution may issue if necessary.

 

 

 

 

_____**HOLLY KIRBY LILLARD, J.**

**CONCUR:**

_____
**W. FRANK CRAWFORD, P. J., W.S.**


_____
**DAVID R. FARMER, J.**