IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 17, 2003 Session

## WILLIAM H. JOHNSON d/b/a SOUTHERN SECRETS BOOKSTORE, ET AL. v. CITY OF CLARKSVILLE

**Direct Appeal from the Circuit Court for Montgomery County**
**No. 50100300     Michael R. Jones, Judge**

---

**No. M2001-002273-COA-R3-CV - Filed June 3, 2003**

---

Plaintiffs filed an action for declaratory judgment and injunctive relief alleging that a City of Clarksville ordinance was unconstitutionally vague and/or overbroad. The trial court consolidated Plaintiffs' motion for temporary injunction with a hearing on the merits, struck out small portions of the ordinance, and dismissed the complaint *sua sponte.* We affirm in part, vacate the order dismissing the action, and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in part; Vacated in part; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

John E. Herbison, Nashville, Tennessee, for the appellant, William H. Johnson d/b/a Southern Secrets Bookstore.

David Haines, Clarksville, Tennessee, for the appellee, City of Clarksville.

### OPINION

Plaintiffs in this case are owners and employees of adult entertainment establishments in Clarksville. In June 2001, they filed a complaint against the City of Clarksville ("the City") in the Montgomery County Circuit Court seeking a declaratory judgment and injunctive relief. In their complaint as amended in July 2001, plaintiffs challenged the constitutionality of Ordinance No. 24-1999-00, styled an "Ordinance Amending the Official Code Relative to Licensing of Adult-Oriented Businesses," as enacted by the City in September 2000 ("the ordinance"). Plaintiffs contend that the ordinance is a restriction of their First Amendment right of free expression that is not sufficiently narrowly tailored to withstand strict scrutiny under *United States v. O'Brien*, 391 U.S. 367 (1968).

They aver the ordinance:

1.  is a prior restraint on free expression which fails to comport with constitutionally required procedural safeguards;

2.  vests unlimited discretion with the licensing board with respect to the granting and renewal of licenses;

3.  fails to ensure a timely decision making/notification process;

4.  fails to ensure timely, meaningful administrative or judicial review;

5.  is unconstitutionally vague and/or overbroad;

6.  contains disclosure requirements which infringe upon the constitutionally protected right to privacy;

7.  imposes excessive fees.

In their prayer for relief, plaintiffs sought a temporary injunction prohibiting the City from taking any action to enforce the ordinance pending a final hearing on the merits; a declaratory judgment declaring the ordinance unconstitutional, either facially or as applied to the plaintiffs; a permanent injunction against enforcement of the ordinance; reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

On August 1, 2001, the City filed a memorandum of law in opposition to Plaintiffs' request for temporary injunction. A hearing was held on August 2 and 13, 2001. On August 14, 2001, the trial court issued a memorandum making findings of fact and conclusions of law. In its memorandum, the trial court determined that with the exception of certain specific provisions, the challenged ordinance does not violate either the Tennessee or United States Constitutions. The trial court struck section 5-1211(I) and the phrase "as may be required by the board, but not less than" of section 5-1209(a) from the ordinance and concluded:

> After having struck small portions of the ordinance, the Court finds that the ordinance meets all standards of the Constitution of the State of Tennessee and the Constitution of the United States. Therefore, the original Complaint and Amended Complaint for Declaratory Judgment and Injunctive Relief as to [the] Municipal Ordinance are dismissed.

A notice of appeal was filed on September 13, 2001, naming as appellant "William H. Johnson d/b/a Southern Secrets et al." This Court determined that the trial court's memorandum did not constitute a final, appealable judgment pursuant to Tenn. R. App. P. 3. On January 16, 2002, this Court ordered Appellants to obtain a final order and cause the order to be transmitted to this Court within forty-five (45) days or else show cause why the appeal should not be dismissed. The trial court entered its final order dismissing the complaint on February 5, 2002.

## *Jurisdiction of this Court*

As a preliminary matter, we note that the notice of appeal filed in this Court named as appellants "William H. Johnson d/b/a Southern Secrets et al." This Court previously has held that the listing of one or several named parties followed by the phrase "et al" is insufficient on the notice of appeal to satisfy the Tennessee Rules of Appellate Procedure. *See Mairose v. Federal Express Corp.*, 86 S.W.3d 502 (Tenn. Ct. App. 2002)(perm. app. denied). Rule 3(f) of the Tennessee Rules of Appellate Procedure provides:

> The notice of appeal shall specify the party or parties taking the appeal, shall designate the judgment from which relief is sought, and shall name the court to which the appeal is taken. An appeal shall not be dismissed for informality of form or title of the notice of appeal.

In *Mairose*, we noted that in 1993, the United States Congress amended Rule 3(c) of the Federal Rules of Appellate Procedure following the United States Supreme Court's ruling in *Torres v. Oakland Scavenger Co.*, 487 U.S. 312 (1988). *Mairose*, 86 S.W.3d at 510. We noted that in *Torres*, the Court held that the use of the phrase "et al" was insufficient to provide notice of appeal in accordance with the Fed. R. App. P. 3(c) as it then existed. *Id.* at 509 (*citing Torres*, 487 U.S. 312 at 314). In *Town of Carthage, Tennessee v. Smith County*, this Court adopted the United States Supreme Court's reasoning in *Torres*, observing that Tenn. R. App. P. 3(f) was identical, in pertinent part, to the pre-1993 amendment Fed. R. App. P. 3(c). *Id.* (*citing Town of Carthage, Tennessee v. Smith County,* No. 01-A-01-9308-CH00391, 1995 WL 92266 at *3 (Tenn. Ct. App. Mar. 8, 1995)).

Although Congress amended the federal rules, effectively overruling the holding of the Supreme Court in *Torres*, Tenn. R. App. P. 3(f) has not been amended similarly. *Mairose*, 86 S.W.3d at 510. Tennessee accordingly adheres to the reasoning of *Torres*: all appellants must be listed by name on the notice of appeal. This Court does not have jurisdiction over a person presumptively included in the phrase "et al" but not specifically named as an appellant on the notice of appeal. *Id.; see also, Spectra Plastics, Inc. v. Nashoba Bank*, 15 S.W.3d 832, 840 (Tenn. Ct. App. 1999)(perm. app. denied); *McGaugh v. Galbreath*, 996 S.W.2d 186, 189 (Tenn. Ct. App. 1998)(perm. app. denied). In the present case, therefore, our jurisdiction is limited to the appeal of William H. Johnson d/b/a Southern Secrets (Mr. Johnson).

## *Issues on Appeal*

The issues before this Court on appeal, as we perceive them, are:

1.  Whether the trial court erred by awarding final judgment to the City following a hearing on plaintiffs' motion for temporary injunction, where no answer or motion to dismiss had been filed by the City and Plaintiffs were not given notice that the hearing would be on the merits of the case.

2.    Whether the trial court erred in denying Plaintiffs' motion for temporary injunction.

3.    Whether the ordinance as amended by the trial court is constitutional.

### *Standard of Review*

Our standard of review of a trial court sitting without a jury is *de novo* upon the record. *See Wright v. City of Knoxville*, 898 S.W.2d 177, 181 (Tenn. 1995). There is a presumption of correctness as to the trial court's findings of fact, unless the preponderance of evidence is otherwise. Tenn. R. App. P. 13(d). We review the trial court's conclusions on matters of law *de novo*, with no presumption of correctness. Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000).

### *Consolidation of Hearing with Trial on the Merits*

The trial court held a hearing on Plaintiffs' motion for temporary injunction on August 2 and 13, 2001. On August 14, 2001, the trial court issued a memorandum making findings of fact and conclusions of law. The trial court struck small sections of the ordinance and determined that the ordinance as amended was not unconstitutional. It further dismissed the complaint for declaratory judgment and injunctive relieve. On appeal, Mr. Johnson contends it was error for the trial court to consolidate the August hearing on Plaintiffs' motion for temporary injunction with a hearing on the merits without notice to the parties. The Tennessee Rules of Civil Procedure provide:

> Consolidation of Hearing with Trial on Merits. Before or after the commencement of the hearing of an application for a preliminary injunction, the Court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. Even when this consolidation is not ordered, any evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial. This subdivision [65.04(7)] shall be so construed and applied as to save to the parties any rights they may have to trial by a jury.

Tenn. R. Civ. P. 65.04(7).

It is undisputed that the trial court in this case did not order a Rule 65.04(7) consolidation, nor did it provide notice to the parties of its intent to consolidate the hearings. (See appellee's brief at 7) Further, the parties were not advised that the court had in fact consolidated the hearings until the court issued its memorandum dismissing the action on August 14, 2001. Although Rule 65.04(7) clearly establishes that it is within the authority of the court to order an application for temporary injunction consolidated with a hearing on the merits, it may not exercise such authority without notice to the parties. *See Oak Ridge FM, Inc., v. Wicks Broadcasters, Ltd.*, No. 03A01-9409-CH-00318, 1995 WL 40303 at * 3 (Tenn. Ct. App. Feb. 1, 1995). Notice of the issues to be tried is

fundamental to the judicial process, and parties are entitled to such notice in advance of the trial date. *See id.; Sunburst Bank v. Patterson,* 971 S.W.2d 1, 6 (Tenn. Ct. App. 1998). The United States Supreme Court has addressed the identical language of Fed. R. Civ. P. 65(a)(2), opining: "[b]efore such an order [of consolidation] may issue, however, the courts have commonly required that 'the parties should normally receive clear and unambiguous notice . . . either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases.'" *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)(quoting *Pughsley v. 3750 Lake Shore Drive Cooperative Bldg.*, 463 F.2d 1055, 1057 (C.A.7 1972)). We agree with Mr. Johnson that it was error for the trial court to dismiss the case without a Rule 65.04(7) order of consolidation or notice to the parties allowing them sufficient time to prepare for a hearing on the merits. We accordingly vacate the trial court's order dismissing the case and remand for further proceedings.

### *Denial of Motion for Preliminary Injunction*

The Tennessee Rules of Civil Procedure provide:

> A temporary injunction may be granted during the pendency of an action if it is clearly shown by verified complaint, affidavit or other evidence that the movant's rights are being or will be violated by an adverse party and the movant will suffer immediate and irreparable injury, loss or damage pending a final judgment in the action, or that the acts or omissions of the adverse party will tend to render such final judgment ineffectual.

Tenn. R. Civ. P. 65.04(2). Generally, in determining whether to award a preliminary injunction, the trial court must consider: 1) the threat of irreparable harm to the movant absent the injunction; 2) the balance between the benefit to the movant and the harm inflicted on the non-moving party; 3) the likelihood that the movant will succeed on the merits of the case; and 4) the public interest. ROBERT BANKS, JR. & JUNE ENTMAN, TENNESSEE CIVIL PROCEDURE, § 4-3(j) (1999). Upon review of the record, including the complaint and testimony of the manager of Mr. Johnson's establishment, Southern Secrets, we find that Mr. Johnson has not established that he will suffer irreparable harm absent a preliminary injunction. We accordingly affirm the trial court's dismissal of the motion for injunctive relief.

### *Conclusion*

We affirm the judgment of the trial court dismissing the motion for preliminary injunction. It was error for the trial court to consolidate the hearing on plaintiffs' motion for preliminary injunction with a hearing on the merits absent a Tenn. R. Civ. P. 65.04(7) order or notice to the parties giving them time to prepare the issues or, alternately, agreement by the parties during the course of proceedings. We therefore vacate the trial court's order dismissing this action and remand for further proceedings.

In light of the foregoing, the question of whether the ordinance is constitutional is pretermitted as requiring an advisory opinion by this Court. Counsel for Mr. Johnson contends that, upon remand, this action should be assigned to a different trial judge. We find this contention to be without merit. Further, we caution Mr. Johnson's counsel to carefully consider his choice of words when characterizing the actions of a court.

Costs of this appeal are taxed one-half to the appellee, City of Clarksville, and one-half to the appellant, William H. Johnson d/b/a Southern Secrets Bookstore, and his surety, for which execution may issue if necessary.

_____

DAVID R. FARMER, JUDGE