IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 7, 2003 Session

## THE STATE OF TENNESSEE IN ITS OWN BEHALF AND FOR THE USE AND BENEFIT OF THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE v. DELINQUENT TAXPAYERS AS SHOWN ON THE 1998 REAL PROPERTY TAX RECORDS OF THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, MTN OUTPARCEL, INC.

Appeal from the Chancery Court for Davidson County
No. 00-781-III     Ellen Hobbs Lyle, Chancellor

_____

No. M2002-01656-COA-R3-CV - Filed July 29, 2003

_____

In this cause, a purchaser at tax sale appeals the order of the trial court voiding its prior default judgment against the delinquent taxpayer, and voiding the conveyance of that property to the purchaser. The delinquent tax notices, as well as the notice of sale, were issued to an unintelligible address, despite the presence of the taxpayer's proper address on the special warranty deed retained in the Metropolitan Government's Assessor's Office. Upon the government's motion, notice was then attempted by publication. After the trial court had entered the decree of sale and judgment affirming sale, and after expiration of the period for the exercise of the equitable right of redemption had otherwise lapsed, the delinquent taxpayer attempted to redeem the property. The tax sale purchaser, James Brown, contested the redemption. The trial court, considering the taxpayer's Motion to Void Tax Sale as a Rule 60.02 Motion to Set Aside a Default Judgment, voided the sale. For the reasons and under the authority cited herein we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed and Remanded**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., J., and PATRICIA J. COTTRELL, J., joined.

James E. Brown, Madison, Tennessee, Pro Se.

Karl F. Dean and Cristi E. Scott, Nashville, Tennessee, for the appellee, Metropolitan Government of Nashville and Davidson County.

Alix Coulter Cross, Nashville, Tennessee, for the appellee, MTN Outparcel, Inc.

## MEMORANDUM OPINION[1]

On March 10, 2000, the State of Tennessee on its own behalf and for the use and benefit of the Metropolitan Government of Nashville and Davidson County filed a suit against MTN Outparcel, Inc., (MTN) and other delinquent taxpayers for delinquent property taxes. Included in the property subject to the suit was a tract of land, map 51, parcel 155, located on the corner of Gallatin Pike and Briley Parkway in the City of Nashville. This particular tract of land was purchased by MTN Outparcel, Inc. by special warranty deed dated November 7, 1997, effective November 10, 1997. The purchaser's address appears in the special warranty deed, book 10681, pages 424 to 426:

MTN Outparcel, Inc.
c/o George F. Maynard
Burr & Foreman, LLP
600 West Peachtree St.
 Atlanta, GA 30308.

Notwithstanding the presence of this address in the government's records, the summons attached to the Complaint was forwarded to the following address:

MTN Outparcel, Inc.
% M/B/&F,LLP
600 West Peachtree St.
Atlanta, Ga 30308.

On May 10, 2000, Metro's attorney Cristi Scott filed an affidavit with the trial court in which she averred the following:

> 3. In accordance with Tenn. Code Ann. §§ 21-1-203(a)(1), 21-1-203(a)(3) and 21-1-203(a)(5), Affiant states that the residence of Defendants named on attached Exhibit A are unknown and cannot be ascertained upon diligent inquiry; Defendants are non-residents of this State; or Sheriff's returns, upon attempted service of process of the Defendants, are that the Defendants are not to be found.

MTN was one of the non-residents listed in Exhibit A. Based on that information, the trial court allowed notice by publication in the Nashville Record for four consecutive weeks. On August 4, 2000, Metro moved for default judgment on the tax lien and for a decree of sale for the property, said Motion bearing the same unintelligible address for MTN. On August 18, 2000, the Chancery Court

---

[1] Court of Appeals Rule 10(b):

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

for Davidson County granted the Motion for Default and decreed that Parcel 155 be sold to the highest bidder subject to the equitable right of redemption. On October 18, 2000, Appellant was that highest bidder. Curiously enough, the record before us contains title search documents bearing the Clerk & Master's stamp dated October 11, 2000, in which the following address for the current owner appeared:

MTN Outparcel, Inc.
600 West Peachtree St., Ste. 1200
Atlanta, GA 30308.

On November 28, 2000, the chancery court entered its final decree confirming sale of Parcel 155 to Appellant. On November 26, 2001, Fred Zohouri, the sole shareholder of MTN tendered funds to the metro tax assessor's office in an attempt to redeem the property sold to Mr. Brown. On December 14 of that year, Mr. Brown filed his motion to deny the redemption attempt. The chancery court granted Mr. Brown's motion on January 14, 2002. On April 2 of that year, MTN filed, in its own name, a "Complaint to Void Tax Sale," to which Metro and Brown filed motions to dismiss for failure to state a claim. On May 8, 2002, MTN filed a Rule 60.02 Motion seeking the same relief. On May 20, 2002, after hearing argument on the motions to dismiss, the chancery court denied the motions and allowed the case to continue "on MTN's Rule 60.02 Motion." Then, on June 24, 2002, the chancery court granted the Rule 60.02 motion, finding Metro's notice by publication insufficient and violative of MTN's due process rights based upon the authority of this Court's decision in *Sunburst Bank v. Patterson*, 971 S.W.2d 1 (Tenn.Ct.App.1997).

Brown appeals the denial of the motions to dismiss and the order vacating the prior default judgment, arguing that the statutory requirements for notice had been met, and that the trial court erred in allowing MTN to redeem the property after the statutory period had expired. Unfortunately for Mr. Brown, this case hinges upon the validity of the default judgment. The trial court was presented with a Motion to set aside this judgment inasmuch as the public notice attempt was violative of due process rights of the 14th Amendment to the United States Constitution. That consideration, according to well settled case law within this jurisdiction, is a matter properly addressed to the trial court's discretion. *See, e.g., Gambill v. Waters*, 197 Tenn. 470, 274 S.W.2d 3 (1954); *Nelson v. Simpson*, 826 S.W.2d 483, 485 (Tenn.Ct.App.1991); *State ex rel. Jones v. Looper*, 86 S.W.3d 189, 193 (Tenn.Ct.App.2000); *see also Tennessee Dept. of Human Servs. v. Barbee*, 689 S.W.2d 863, 866 (Tenn.1985). Courts are advised to construe the requirements of Rule 60.02 liberally, "examine [ing] the moving party's proof to determine whether the default was willful and to assess the extent to which the defaulting party's conduct has prejudiced the non-defaulting party." *Nelson*, 826 S.W.2d at 485 (citing *Barbee*, 689 S.W.2d at 866). The record before this Court shows no willful behavior on the part of the defaulting party MTN Outparcel. It is likewise devoid of any showing of prejudice to Metro or Mr. Brown. It bears noting that Mr. Brown is entitled to a refund of the monies paid for the purchase of the property at auction as though the equitable right of redemption had been exercised.

Despite the foregoing standards, Mr. Brown argues that the United States Supreme Court decision, *Dusenberry v. United States*, 122 S.Ct. 694, 151 L.Ed.2d 597 (2000); and this state's supreme court decision of *Marlowe v. Kingdom Hall of Jehovah's Witnesses*, 541 S.W.2d 121 (Tenn.1976), are dispositive of the question of whether the government's attempt to notify MTN in this case satisfied due process requirements. To the contrary, the trial court found, consistent with the United States Supreme Court decision in *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), that inasmuch as the government's records contained the proper address, Metro's attempt to obtain service by publication was ineffective.

The outcome of this case is controlled by *Baggett v. Baggett*, 541 S.W.2d 407 (Tenn.1976) and its progeny. Particularly instructive is the opinion of this Court in *Sunbrust Bank v. Patterson*, 971 S.W.2d 1 (Tenn.Ct.App.1997) wherein it is said:

> However, the result in the case at bar must be controlled by the decision of the United States Supreme Court in *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). In *Mennonite*, decided several years after *Marlowe*, the Court considered "the question whether notice by publication and posting provides a mortgagee of real property with adequate notice of a proceeding to sell the mortgaged property for nonpayment of taxes." *Id.* at 792, 103 S.Ct. at 2708. Citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), the Court first noted that "a mortgagee possesses a substantial property interest that is significantly affected by a tax sale." *Mennonite*, 462 U.S. at 798, 103 S.Ct. at 2711. Given this interest, the Court reasoned that a mortgagee is entitled to receive notice that is reasonably calculated to inform him of an impending tax sale. The Court stated:
>
>> When the mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee's last known available address, or by personal service. But unless the mortgagee is not reasonably identifiable, constructive notice alone does not satisfy the mandate of *Mullane*.
>
> *Id.* The Court found that personal service or mailed notice is required even though sophisticated creditors have the ability to discover for themselves whether or not taxes have been paid on the property. *Id.* at 799, 103 S.Ct. at 2712. The Court noted that "a party's ability to take steps to safeguard its interests does not relieve the State of its constitutional obligation." *Id.* Finding that a state cannot forgo "the relatively modest administrative burden of providing notice by mail," the Court concluded:
>
>> Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of *any* party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable. Furthermore, a mortgagee's

> knowledge of delinquency in the payment of taxes is not equivalent
> to notice that a tax sale is pending.

*Id.* at 799-800, 103 S.Ct. at 2712. This Court has applied *Mennonite* to cases involving the tax sale of realty. *See Freeman v. City of Kingsport*, 926 S.W.2d 247, 249-50 (Tenn.App.1996) ("actual notice is required if the interested party's name and address are reasonably ascertainable"); *Morrow v. Bobbitt*, 943 S.W.2d 384 (Tenn.App.1996).

*Sunburst Bank v. Patterson*, 971 S.W.2d 1, 4-5 (Tenn.Ct.App.1997).

Departments of government cannot divide themselves into component parts and successfully assert that the right hand is not bound by the knowledge of the left hand. The correct address is stated on the face of the recorded special warranty deed in Deed Book 10681, pages 424 to 426, and it is the government itself which is responsible for the wrong address being used. The default judgment resulted from constructive notice by publication. Such constructive notice is not a sound basis for default judgment when the very existence of the publication is flawed by the due process and considerations of *Sunburst Bank v. Patterson*, 971 S.W.2d 1 (Tenn.Ct.App.1997).

Much like *Mennonite Board of Missions*, the proper address of the owner was readily available in the government's records. As a result, the default judgment was vulnerable under the provisions of Tennessee Rule of Civil Procedure 60.02. The trial court properly exercised its discretion in vacating the judgment. The trial court is affirmed in all respects and the cause is remanded for further proceedings as may be necessary in the trial court. Costs on appeal are taxed against the appellant, Brown.

_____
WILLIAM B. CAIN, JUDGE