# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 17, 2011

## STATE OF TENNESSEE v. JAMES JOHN LEWIS

### Direct Appeal from the Criminal Court for Sumner County
### No. 651-2007    Dee David Gay, Judge

---

### No. M2011-00302-CCA-R3-CD - Filed November 15, 2011

---

The Defendant, James John Lewis, pled guilty to four counts of rape of a child and four counts of incest, and the trial court sentenced him to an effective sentence of twenty-five years, twenty years of which to be served at 100% and the remaining five years to be served at 30%. Two years later, the Defendant filed a petition to correct an illegal sentence and to withdraw his guilty plea, contending that he was not informed his sentence required that he be placed on community supervision for the remainder of his life. The trial court summarily dismissed the petition. On appeal, the Defendant contends the trial court erred when it dismissed his petition. Finding no error, we affirm the trial court's judgment.

## Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and DONALD P. HARRIS, SP. J., joined.

James John Lewis, pro se, Whiteville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General, and Sallie Brown, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION
### I. Facts

This case arises from sex crimes the Defendant committed between November 2003 and July 2007 against his step-daughter, who was under thirteen years old at that time. For

these crimes, a Sumner County grand jury indicted the Defendant for four counts of rape of a child, three counts of rape, seven counts of incest, three counts of aggravated sexual battery, and one count of sexual battery by an authority figure. The Defendant pled guilty on March 31, 2008, to four counts of rape of a child and four counts of incest, and, in accordance with the plea agreement, the trial court dismissed the remaining charges. The record does not contain a transcript of the guilty plea hearing.

On January 26, 2011, the Defendant filed a petition asking the trial court to correct an illegal sentence and allow him to withdraw his guilty plea. The Defendant requested that the trial court allow his guilty plea to be withdrawn because the trial court never advised him of "any consequences of his guilty plea." Specifically, the Defendant averred that the trial court "never advised him that he would be on Community Supervision for Life after his release [from] incarceration."

By written order, the trial court summarily dismissed the petition. In the order, the trial court indicated that it had informed the Defendant of the "lifetime supervision" requirement before he entered his guilty plea, as reflected by the waiver of trial by jury form that the Defendant signed before entering his plea. The court attached a copy of the Defendant's waiver to the order. On the waiver is written the Defendant's sentence of "25 years." An arrow is drawn from the word "sentence" to the bottom of the waiver page where, handwritten, is "sex offender registry lifetime supervision. No contact with minors. DNA sample." The Defendant's signature is listed on the waiver of rights form.

The trial court also noted in its order that "more than one year ha[d] passed since the Defendant's guilty plea" was entered. It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that his guilty plea was not knowingly and voluntarily entered because the trial court failed to instruct him that his sentence required that he be subject to community supervision for life.

The Defendant has failed to include in the record a copy of the transcript of the guilty plea submission hearing. Concerning this pro se Defendant's failure to include the transcript of his guilty plea as part of the record on appeal, we note the following:

> "Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Natl Bank, Inc.*, 971 S.W.2d

2

393, 396 (Tenn. Ct. App. 1997). The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995).

The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d at 227; *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d at 397. Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9-10 . . . (1980); *Baxter v. Rose*, 523 S.W.2d 930, 939 (Tenn. 1975); *Winchester v. Little*, 996 S.W.2d 818, 824 (Tenn. Ct. App. 1998)."

*Ben Blivens v. State*, No. E2007-02746-CCA-R3-CD, 2009 WL 112565, at *2-3 (Tenn. Crim. App., at Knoxville, Jan 15, 2009) (citing *Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003)), *perm app. denied* (Tenn. June 22, 2009).

Even taking into account that the Defendant in this case is pro se, there are specific requirements regarding the record on appeal and the content of briefs to the appellate courts. *See generally* Tenn. R. App. P. 24-30. The absence of the guilty plea hearing contravenes those rules. This deficiency is, in our view, dispositive of the Defendant's issue. It is the duty of the Defendant to include a complete record on appeal. *See State v. Troutman*, 979 S.W.2d 271 (Tenn. 1998) (holding that failure to include trial transcript on appeal waived challenge to sentence); *State v. Ballard*, 855 S.W.2d 557 (1993) (holding failure to include transcript precludes appellate review); *State v. Oody*, 823 S.W.2d 554 (Tenn. Crim. App. 1991) (holding trial court's ruling presumed correct in absence of an adequate record on appeal).

Notwithstanding the waiver, the record before us supports the trial court's denial of the Defendant's petition. The withdrawal of a guilty plea is governed by Rule 32(f) of the Tennessee Rules of Criminal Procedure. Before sentencing, a trial court may grant a motion to withdraw a guilty plea for any fair and just reason. Tenn. R. Crim. P. 32(f). After the sentence has been imposed, but before the judgment has become final, a trial court may set

3

aside a judgment of conviction and permit the withdrawal of a guilty plea "to correct manifest injustice." Tenn. R. Crim. P. 32(f). The Rules of Criminal Procedure do not authorize the trial court to allow a guilty plea to be withdrawn after the judgment of conviction has become final.

We also note that, even if we treat the Defendant's petition as a petition for post-conviction relief, the Defendant's petition is not timely. A petition for post-conviction relief must be filed within one year of the date of the final action of the highest state appellate court to which an appeal is taken. *See* T.C.A. § 40-30-102(a) (2006). The Defendant pled guilty on March 31, 2008. He did not appeal his guilty plea, and the judgment became final thirty days later on April 30, 2008. He had one year from that date to file a petition for post-conviction relief. His petition was not filed until January 26, 2011, well beyond the limitations period. Therefore, even if the Defendant's petition was treated as a petition for post-conviction relief, the statute of limitations barred its consideration. T.C.A. § 40-30-102(a) (2006).

### III. Conclusion

After a thorough review of the record and relevant authorities, we conclude that the trial court did not err when it denied the Defendant's petition to withdraw his guilty plea.

_____
ROBERT W. WEDEMEYER, JUDGE

4